## McKENZIE v. JACKSON.

1. M. & G. being partners dissolved, and M. & A. covenanted with G. on re-ceiving the goods and effects of the old firm to discharge its debts, and also to pay certain debts which G. owed individually, among which was a debt due J. which M. by parol afterwards promised J, to pay him.—*Held*, that this was an original undertaking and not a promise to pay the debt of another within the statute of frauds, and that the agreement between M. & A. & G. by which the former covenanted to pay the debt to J. is merely the inducement to the promise upon which the action is founded.

2. When a party pleads specially facts which may be given in evidence under the general issue which is also pleaded, if the Court should erroneously sustain a de-murrer to the plea the judgment will not be reversed for that cause as no injury is caused thereby.

3. When M. in consideration of effects placed in his hands by G. promises J. to pay him a debt which G. owes him, and by repeated promises induces him to delay its collection for several years, having had ample time to ascertain the sufficiency of the fund in his hands, he will not afterwards be permitted to re-sist a recovery on the ground of the failure of the fund which was the consid-eration of the promise.

Error to the Circuit Court of Tallapoosa.

This was an action of assumpsit. The first count of the declaration alledged that the defendant and one Gerald being partners in trade, dissolved the firm, and that the defendant and one Adams received the stock of goods, and all the debts and effects of the firm, and covenanted, on the 10th May, 1838, with him to pay all the debts the firm owed, and also certain debts which Gerald owed individually, of all which a schedule was annexed, and among which was the debt due the plaintiff—and that in consideration of the transfer of the stock of goods, &c. by Gerald, the defendant promised the plaintiff to pay the debt, &c.

The second and third counts are substantially the same as the first, to which is added the common counts.

The plaintiff took a judgment by default, which the Court set aside, on condition that the defendant should plead to the merits of the cause.

The defendant then offered to demur to the several counts of

the declaration which the Court, under the condition upon which the judgment by default was set aside, refused to receive, and thereupon the defendant pleaded non-assumpsit, set-off and payment, upon which issues in fact were taken, and three special pleas to which the plaintiff demurred, and which the Court sustained, but which need not be here described, as they are set out in the opinion of the Court.

The plaintiff proved and read in evidence the agreement between the defendant and Adams and Gerald, by which the former covenanted with the latter to pay the debt now sued for, dated 10th May, 1838—also the following letter from the defendant to the plaintiff:

*Tallassee*, 21 *January*, 1842.

Dear Sir—Yours of the 12th instant is just received and contents noticed. The information which you received at Wetumpka is not correct. I have not sold a bag of my present crop of cotton. I did sell, in November last, a few bags of my last year's crop. I have not got all my present crop prepared for market. So soon as I can get hold of money I will pay you all or part of the claim which you have, after deducting the discounts which I have against it. Of this you may rest assured, there is no man more willing and anxious than I am to pay his debts. I am using every industry to pay mine, and I am in hope it will not be long before I can say I owe no man. Be pleased to extend a little more indulgence to me, and as soon as I can I will attend to this matter.

Respectfully, yours,

JOHN McKENZIE.

*Gen. C. M. Jackson.*

It was also proved that the defendant owed the plaintiff no other debt than the one sued for—that he repeatedly promised verbally, to pay it, and requested the plaintiff and his relations to deal in his store on that account—which they did. That suit was delayed one term on his promise to settle, and that he never refused to pay the debt until about six weeks before the trial of the cause, when, in a conversation with the plaintiff, he objected to paying, alledging that he had been injured by Gerald to the amount of $1700, by off-sets and discounts made by persons owing the notes and accounts received from Gerald. It was also proved that the effects received by the defendant

and Adams exceeded by ten thousand dollars the amount they were bound to pay—which being all the evidence, the defendant demurred thereto, and the plaintiff joining in the demurer the court rendered judgment for the plaintiffs from which the defendent prosecutes this writ and assigns for error :

1. Rejecting the demurrer to the special counts of the declaration.

2. Sustaining the demurrer to the first, fourth and fifth pleas.

3. The judgment on the demurrer to the evidence.

CRABB & COCHRAN, for plaintiff in error.

GOLDTHWAITE, contra, cited 3 Stewart, 185, 172 ; 4 Cowen 432 ; 1 East, 192; 9th Porter, 552.

ORMOND, J.—Nearly all the questions of law presented upon this record depend upon the fact whether the promise upon which this action is founded is within the statute of frauds or not, and to the solution of that question we will first address ourselves.

The facts are, that one Pearly S. Gerald and the defendant below were partners in trade and agreed upon a dissolution, by which the defendant and one Adams became entitled to the stock in trade, debts of the firm, &c. and covenanted with Gerald to discharge the debts of the old firm, and certain individual debts of Gerald, of which a schedule is given. Among the debts of the latter class is the one sued for, the declaration alledging a subsequent promise on the part of the defendant to the plaintiff, in consideration of the transfer by Gerald of the stock of goods, debts, &c.

Among the many efforts to establish certain rules by which to ascertain whether a promise to pay the debt of another was within the statute of frauds, it has been frequently considered that the fact that the original debtor still remained liable was a certain criterion. A multitude of causes might be cited in support of this position ; it is only necessary to refer to the cases of Anderson v. Hayman, 1 H. B. 120 ; Matson v. Wharam, 2 D. and E. 80, and Jackson v. Rayner, 12th John. 291, to show

the supposed universal application of this principle. The rule however must, in its application, be confined to those cases where the promise of the party sought to be charged is made at the same time with the promise of the party held liable. As, if A. should say to B. let C. have goods and I will pay for them, if the goods are furnished and C. is held responsible to the vendor, the promise of A. is collateral and within the statute. The case of Rhodes v. Leeds, (3 Stew, and Por. 212,] is expressly in point, to show that in such a case, if the credit is given to A. and C. is not trusted or looked to for payment, the promise is not within the statute, and the books are full of similar cases.

Where the promise to pay the debt of another then subsisting, arises out of some new consideration of benefit to the promissor or harm to the promissee, it is not within the statute. This is the third class of Chancellor Kent, in his analysis of the statute in the case of Leonard v. Vredenburgh, [8th John. 39,] which he holds to be without the statute. Upon this principle was decided the cases of Williams v. Leiper, 3d Burrows, 1886; Gold & Sill v. Philips, 10th John. 412; Slingerland v. Morse, 7 ib. 463; and Read v. Nash, 1 Wilson, 305. The same principle is affirmed by this Court in Tompkins v. Smith, 3 Stew. and Porter, 54. In Farley v. Cleveland, [4th Cowen, 432,] the facts were that one Moore owed Farley a sum of money for which he held his note, and upon Moore delivering to Cleveland hay of sufficient value to discharge the note he promised Moore to pay the amount to Farley, and some time afterwards, by parol, promised Farley to pay it to him. The Court held it not to be a case within the statute.

The last case is almost identical with the one under consideration. Here Adams and McKenzie promised Gerald to pay the debt which the latter owed to Jackson, in consideration of receiving the effects of the former firm, which are transferred to them, and subsequently McKenzie, by parol promises Jackson to pay him, and solicits indulgence. If Gerald, instead of transferring merchandize and debts on other persons, had handed over to McKenzie the amount in money, with directions to pay it to Jackson, it cannot be doubted that the person receiving it would be liable on his promise to him, and yet there can be no difference in principle between the two cases.

The cases of Neilson v. Blight, 1 Johnson's Cases, 205, of Hale v. Marston, 17th Mass. 575, and of Hitchcock v. Lukins & Son, 8th Porter, 333, are express to this point and decisive of the case in this aspect. We are quite clear in the opinion that the statute of frauds interposes no bar to a recovery.

The three' first counts of the declaration set out the agreement entered into between Gerald and the defendant, and aver that in consideration of the agreement so entered into, and of the transfer of the effects of the firm of McKenzie & Gerald, the defendant undertook and promised the plaintiff to pay the amount due to him from Gerald. There is a slight variance in the counts, but this is the substance of all, to which is added the common counts. To each of the counts of the declaration the defendant demurred, but the Court refused to permit the demurrers to be filed, upon the ground that a judgment by default taken by the plaintiff, had been set aside on condition that the defendant should try the cause upon its merits and abandon all dilatory pleas.

As, in this State, all demurrers are by statute to have only the effect of general demurrers, it may well be doubted whether a general demurrer, which reaches only matter of substance can be considered a dilatory plea. It is, however, unnecessary to consider this matter further, because we are clearly of opinion that all the counts of the declaration are substantially good and disclose a sufficient cause of action, and no injury was done by the judgment of the Court refusing to receive the demurrers as they must have been overruled if received.

The agreement entered into by the defendant and Gerald, by which the former agreed with the latter to pay the debt now sued for, is merely recited as the inducement to the promise made to the plaintiff and not as the foundation or ground of the action, which is the promise made upon the consideration recited in the agreement. This precise point was determined in the case of Hitchcock v. Lukins, [8th Porter, 333,] and also in Baird & Briggs v. Blaigrove, [1 Wash. 170,] and upon the ground that the instrument under seal was only stated as inducement to that which forms the real ground of the consideration. [See also Arnold v. Hickman, 6th Mun. 15.] It may be true that the plaintiff can maintain no action on the agreement between the defendant and Gerald, as he is

no party to it, but it by no means follows that he may not derive a benefit from it.

We proceed to the consideration of the pleas to which the plaintiff's demurrer was sustained. The third plea sets out the contract and pleads the statute of frauds. Independent of all other objections to this plea, it is a sufficient answer to it that it has been shown that the promise of the defendant is not within the statute of frauds.

The fourth plea recites the agreement between McKenzie and Gerald, and insists that thereby a liability was created in favor of Gerald and not in favor of the plaintiff. The obvious answer to this plea is that it consists not of fact but of matter of law and does not answer the declaration, which is founded not on the agreement between McKenzie and Adams with Gerald, but upon the promise of the former to the plaintiff.

The substance of the 5th plea is that the notes and accounts transferred by Gerald had been reduced by off-sets against Gerald and by payments to him previous to the transfer, to about the sum of three thousand dollars, that Gerald represented the notes and accounts, at the time the agreement was entered into as due and unpaid, that the defendant and Adams had fully accounted with Gerald, by paying all the other demands which they agreed to pay, and that therefore the consideration has failed.

We do not consider it necessary to examine into the legal sufficiency of this plea, because the parties went before the jury upon several issues in fact, among which was the plea of *non assumpsit*, under which plea all the evidence would have been admissible which could have been received under this special plea, if an issue to the jury had been taken on it. And in point of fact the statements of the defendant as to the deficiency of the funds received by virtue of the agreement with Gerald, occasioned by off-sets against and payments to the latter before the agreement was entered into, were given in evidence. No injury thererefore has accrued to the defendant by the judgment of the Court if wrong.

We proceed to consider finally the propriety of the judgment of the Court on the demurrer to the evidence.

Leaving out of view, as it is somewhat ambiguous, the letter of the defendant to the plaintiff, promising to pay the debt

and asking indulgence, the proof was that after the defendent and Adams made the agreement with Gerald, they continued the business in Montgomery, and the defendant assured the witness that the claim due the plaintiff should be paid to him, pursuant to the agreement entered into with Gerald, and requested the plaintiff and his relations to deal in the store, on account of the claim, which they did. That the claim was placed in the hands of a lawyer for collection, and suit delayed one term upon the promise of the defendant to settle it, which promises were repeatedly made, and the justice of the claim never denied by the defendant until about six weeks before the trial of the cause, when, in a conversation with the plaintiff the defendant objected to paying the debt, alledging he had been injured by Gerald some seventeen hundred dollars, by reason of off-sets and discounts made to the claims in his hands against Gerald. It was also proved that at the time of the transfer of the goods and choses in action to McKenzie and Adams, it was estimated that the effects transferred exceeded the debts which McKenzie and Adams agreed to pay about ten thousand dollars.

The promise by the defendant to pay the plaintiff the amount of the debt due originally from Gerald to the plaintiff is clearly established and the only question which could possibly arise, is the fact which appears to have been received in evidence from the statement of the defendant that there was a deficiency in the assets received from Gerald, which constituted the consideration of the promise to the plaintiff. However valid such an objection might be if seasonably urged, in cannot avail under the circumstances of this case. The repeated promises of the defendant, made with the opportunity of full knowledge of all the facts are obligatory upon him. It might, and in all probability would, operate most injuriously upon the plaintiff, if, after having been lulled into a false security, for so many years, by the repeated promises of the defendant, and the delays in the collection of the debt consequent thereon, he should now be permitted to alledge a failure of the fund from which the payment was to be made—the objection comes too late.

We are therefore of opinion that the judgment of the Court below on the dumurrer to the evidence is correct, and there being no error in the judgment of the Court it is affirmed.