## CARPENTER, et al. v. LEWIS, et al.

1. Boards, rails and bricks, cut and made from the soil of land belonging to the United States, and appropriated by the maker, do not pass to one who subsequently purchases the land from the United States, although the severed chattels are remaining on it; and the maker may maintain trover for their conversion by the person who thus becomes the owner of the land, he showing no connexion between himself and the United States with respect to the severed chattels.

Writ of error to the Circuit Court of Randolph county.

Trover, by Lewis and the other plaintiffs, to recover damages from the defendants for the conversion of certain bricks, boards and rails.

The defendants pleaded the general issue; and, also, that the property in the bricks, &c., was in one of them. To the latter plea, the plaintiff demurred, and the court sustained the demurrer.

At the trial, the proof conduced to show, that the bricks, boards and rails were made by the plaintiffs on and out of the soil and timbers of a certain 40 acre tract of land, which, at the time when the bricks, &c., were made, belonged to the United States; being then unoccupied and subject to entry. The bricks were in a kiln, burned, and fenced in by the rails and covered by the boards on the said tract of land, from August, 1842, until the middle of October of the same year.

One of the defendants entered and paid for the tract of land on the 12th September, 1842, and showed the proper certificate in evidence. After this time, the defendants took the bricks, sold them, and used the rails and boards.

On this evidence, the court charged the jury, that the bricks, rails and boards were of that kind of property for the conversion of which an action of trover would lie; that if the bricks, &c., were made by the plaintiffs out of the soil and timber of the said tract of land, prior to the 12th of September, 1842, the defendants were liable for the conversion, although one of them then entered the land, and the bricks, &c., were remaining on it at the time of the conversion; and that there was no difference, so far as this case was concerned, whether the plaintiffs were regarded as trespassers on the public lands or tenants at will of the United States. These charges were excepted to, and are now assigned as error; as is also the overruling of the plea demurred to.

RICE, for the plaintiffs in error, cited 4 Ala. Rep. 402; 7 Cowen, 95; 6 Johns. 169; 1 Ala. Rep. N. S. 219.

W. P. CHILTON and HUNTINGDON, contra.

GOLDTHWAITE, J.—The defendants do not pretend that either of them had any title to the land out of the soil of which the

bricks were made, and from which the timber for the rails and boards was cut, at the time when these matters were severed from the freehold by the plaintiffs. Neither is it a question whether the rails were appendant to the land, at the time of the entry of it by one of the defendants, in consequence of constituting a fence or inclosure for the protection of the soil or of the buildings upon it. The matter to be determined is, whether the defendants can resist a recovery, either on the ground that one of them is entitled to these chattels by virtue of his entry of the land; or by reason of a title in the United States superior to that of the plaintiffs.

The general rule is, that when chattels, which in their natural state are a part of the freehold, are severed therefrom, they become personal chattels, and belong to the owner of the land.— Thus it has been held, that the owner might maintain trover for boards sawed from timber cut from his lands by a trespasser. [Brown v. Sax, 7 Cowen, 95.] And the same rule has been held to apply to charcoal made upon the land of another by a trespasser. [Curtis v. Grant, 6 Johns. 168.] It may, perhaps, admit of some question, whether the damages consequent upon a recovery, in cases such as are cited, should include the increased value which is given to the chattel by the labor of him who converts it. However this may be, these decisions are satisfactory to show that, by the severance from the freehold, the chattels become the personal goods of the owner of the land. The soil, from which these chattels were severed, was, at the time of the severance, owned by the general government, and, therefore, it follows they belonged to the United States, unless the plaintiffs were permitted by usage or law to enter upon the public domain and appropriate the soil and timber. We do not propose to consider whether the plaintiffs are thus permitted; because, as between them and the defendants, this is an immaterial question. Previous to the acquisition of the title, by one of the defendants, the chattels had not only been severed from the land, but had also been appropriated and converted by the plaintiffs; therefore, it may be questionable whether any title could be conveyed by actual sale; but conceding that the absolute title might be conveyed by the United States, we think it very clear, that the defendant Carpenter, by his entry of the land, acquired no title to the severed and appropriated chattels. In this respect, the case

is not different from what it would have been if the title had been acquired from an individual.

The defendants can claim no protection from the supposed right of property in the United States, because they are in no manner connected with it. As between the parties to this suit, the plaintiffs have the right of possession, and this is sufficien to enable them to maintain trover against a stranger. [Duncan v. Spear, 11 Wend. 55; Pinkham v. Gear, 3 N. H. 484.]

As to the plea, it may be that it was improper to sustain the demurrer; but that is now immaterial, as the same defence was in evidence under the general issue; and, therefore, no injury has resulted to the defendants, as was decided in McKinzie v. Jackson, [4 Ala. Rep. 230.]

Our conclusion is, that the record discloses no available error. Judgment affirmed.