TRUSTEES OF THE UNIVERSITY OF ALABAMA
v. WALDEN.

1. Where, by a law of the University of Alabama, duly published, its tutors are required to hold their offices for the term of two years, unless permitted by the executive committee to resign, and by one of its ordinances, their salaries are fixed at $1,000 per annum, the election of a tutor, and his acceptance of the office, whilst such law and ordinance are in force, constitute a contract between him and the University, and the latter cannot, within he two years, reduce this salary, without his consent.

2. The acceptance, by a party, of a portion of his demand against another, without any agreement to release the balance, is not a waiver of his right to insist upon the payment of such balance.

Error to the Circuit Court of Tuscaloosa.   Before the Hon. George D. Shortridge.

THIS was an action by defendant, against plaintiffs in error, to recover his salary as tutor in the University. The case was submitted on an agreed state of facts, which are set out in the opinion of the court, and upon which the court below rendered judgment for the defendant in error. This judgment is now assigned as error.

P. & J. L. MARTIN, for plaintiff in error.

1. By the laws governing their action, the board of trustees, in the reduction of the salary of the defendant in error, had the power to fix the same, as they considered the interests and welfare of the institution demanded, for the *future services* of that officer. They had the power, at any time, to abolish the office itself, if the good of the University required it ; and the officer held his appointment, subject to their control in that regard. And this power is not impaired by the conservative stipulation, that he should not resign without the consent of the executive committee. That was an express stipulation, intended to guard against injury which might be done by a combined effort to control the action of the board ; and did not create an implied undertaking, to re-

tain the officer at the salary fixed beyond their pleasure ; or to continue the salary unaltered. The right to the salary for past services, is all that could be demanded. See Commonwealth v. Bacon, 6 Serg. & R. 322.

2. Having received the reduced salary quarter yearly, it was a discharge of the liability to defendant in error—his further demand to the contrary, notwithstanding. It amounts, in law, to an acquiescence in the change, and cannot be now complained of. There might be a pretext for the demand now made, if leave had been refused the defendant by the executive committee, to resign, and no money had been received. He cannot, however, accept the salary offered, and then claim a further sum : the payment received is a full discharge. 4 Mass. 632.

E. W. Peck, for defendant in error.

The election of the defendant in error, and his acceptance, was a contract ; and, consequently, his salary, for the period for which he was elected, could not be reduced by any subsequent ordinance of the plaintiffs in error, without his assent. Murdock v. The Phillips Academy, 12 Pickering, 244, 254 ; The Dutch Church at Albany v. Bradford, 8 Cowen, 457, 473, 475 ; Torrington v. Avery, 3 Mass. Rep. 160 ; see Clay's Dig. 583, § 2, 3 ; 585, § 16.

CHILTON, J.—The trustees of the university, on the 17th Dec. 1841, elected the defendant in error, as tutor of ancient languages in said institution. He was informed of his appointment by letter from the president of the board, on the 18th Dec., and requested by letter, to signify his acceptatce of the appointment. The defendant accepted, and entered upon the tutorship the 1st Jan. 1842, and discharged its duties faithfully for two years. The first year, he received for his salary from the plaintiff, the sum of one thousand dollars, in quarterly payments : the second year, he claimed the same salary. Defendants refused to pay him that sum, but paid him eight hundred dollars, quarterly, and this suit is now brought to recover the remaining two hundred dollars.

At the time of the election of the defendant in error, there existed an ordinance of the university as follows—" *section*

*third :* And be it further ordained, that there shall be a tutor of mathematics, and a tutor of ancient languages, to be elected by the board—that it shall be the duty of the tutors to teach such branches in their several departments, respectively, as may be assigned to them by the faculty, that the annual salary of the tutors of mathematics and ancient languages shall be one thousand dollars. *Section fourth :* And be it further ordained, that no officer of the university shall resign until he shall have given six months notice, and the board shall at all times, have the power "to modify the duties required of the different officers, and to impose additional duties." This ordinance was passed on the 11th Dec. 1837. It was further shown, that at the time of the election of the defendant in error, the following law of the university was in existence, and had been duly published :—"When any person shall have been elected to, and shall have accepted the office of tutor in the university, he shall continue in office for a term not less than two years, unless he shall be permitted by the executive committee, or the board of trustees, to resign sooner."

On the 17th Dec. 1842, the board of trustees passed an ordinance reducing the salary of the tutors, to eight hundred dollars, to take effect from and after the 1st of July 1843.

The question for decision is, whether the board had the power to reduce the pay, to which the defendant in error was entitled, under the law of the university, as it existed at the time of his election he not having consented to such reduction.

In the case of the Commonwealth v. Bacon, 6 Serg. & Rawle, 322, it was held, that an ordinance of the select and common councils of the city of Philadelphia, which reduced the salary of the mayor, after the commencement of his term of service, was valid. The court said, "this connot be considered in the nature of a hiring for a year, *because it was not obligatory on the mayor to serve out the year.* This case is relied upon by the counsel for the plaintiff in error ; but although we think it a very correct exposition of the law, we do not think it sustains the view for which they insist, in the the case at bar. Conceding that in all cases of public officers, (excluding such as are expressly excepted by the constitution) it is competent for the legislature of the state, or for a muni-

cipal corporation empowered to make laws, as the case may be, to reduce the salaries, or fees of such officers, during their term of service, it is very clear this principle has no application to cases, which partake of the nature of contracts.

Is this a contract between the trustees and the defendant in error? The nature of the defendant's undertaking, and the extent of the obligation imposed on him, must· be ascertained, as they are defined by the laws of the university, in force at the time he accepted the employment tendered him. By these, he was compelled to serve as a tutor for two years, unless he was authorised to resign before the expiration of that time, by the executive committee or board of trustees, and under these, he could not resign unless upon having given six months previous notice. In consideration of this service, he was· entitled to receive each year, one thousand dollars, payable quarterly, the board of trustees having the· power to modify the duties performed by him, or to impose additional duties. Thus considered, the engagement evidently amounts to a contract. Suppose, as a test of the principle, that a day after he had entered upon the duties of his office, the compensation had been reduced to fifty dollars instead of eight hundred. Could it be tolerated that the party should be bound to labor two years for so trifling a compensation? If, however, the doctrine contended for, be correct,---it was discretionary with the trustees as to how much should be paid, and the tutor must be content with whatever their sense of justice and propriety may prompt them to allow. Such is not the law. He was bound to serve for two years, and for that service was entitled to one thousand dollars each year. This compensation could not be diminished, against his consent, without a violation of the contract on the part of the trustees: (see the authorities on the brief.)

The defendant in error did not waive his right to insist on a full compliance with the terms of the contract on the part of the plaintiff, by receiving the $800 The evidence does not show that he received the less sum under any agreement to release the remaining portion due him, and it might well be questioned whether if he had agreed to remit the other two hundred dollars, such agreement would not have been void for want of consideration. 12 Ala. Rep. 252.

We are unable to discover any error in the record of the proceedings in the circnit court. Its judgment is consequently affirmed.