MITCHELL ET AL. vs. BILLINGSLEY.

1. The value of an orchard is to be estimated with reference to what in its growing state it is worth to the premises.
2. Growing fruit trees and fences enclosing a field are fixtures, and as such belong to the freehold.
3. In an action of trespass quare clausum fregit, exemplary damages may be given, where the tortious act is attended with circumstances of aggravation.

Error to the Circuit Court of Randolph. Tried before the Hon. John J. Woodward.

RICE, for the plaintiffs in error, cited Carpenter v. Lewis, 6 Ala. 682.

HEFLIN, for the defendant.

CHILTON, J.—This was an action of trespass quare clausum fregit, brought by the defendant against the plaintiffs in error, and was tried by the consent of counsel as upon appropriate

pleading, there being neither declaration nor pleas.   It appears
that Harcrow, one of the defendants below, had possession of
the *locus in quo* from the year 1843 to 1848, the same during
that time belonging to the United States; that he had improved
it by clearing and fencing some twenty acres of the land, plant-
ing out an orchard of fruit trees, &c.; that the plaintiff below
entered the land and obtained the duplicate receipt of the re-
ceiver of the public monies at the land office, on the 2d Febru-
ary 1848; and that after the entry as aforesaid, the defendant,
Harcrow, who had made the improvements before the entry, em-
ployed the other defendants to aid him in removing the fence
and fruit trees from the place, the plaintiff having entered upon
the land.   It does not appear that any violence was done to the
plaintiff or his family, but one of the defendants, while engaged
in removing the rails, &c. had a pistol in his possession, which,
however, he did not attempt to use.   Upon the trial, the plain-
tiff below offered to prove by a witness, in the language of the
bill of exceptions, " that the said orchard was worth fifty dollars
to said tract of land."   To this an objection was made by the
defendants, who insisted that the proper rule required that the
proof should be as to the value of the trees which were removed
from the land.   The court allowed the proof, and the defend-
ants excepted.   It further appeared that the defendants below,
while engaged in the removal of the trees and rails composing
the fence, cursed the plaintiff as a swindler for entering the land
and claiming the improvements.   This being the evidence, the
court charged the jury that if they believed that the plaintiff en-
tered the land and received a certificate of such entry on the 2d
February 1848, he became thereby not only entitled to the land
but to the fruit trees planted out thereon in the orchard, and to
the fence situated and erected on said land, although the trees
were planted and the fence erected before the date of such entry;
that if the defendants after the entry removed the trees and fence
from the land against plaintiff's consent, the jury were bound
to find against such of them as were concerned in it the actual
damage caused by such removal, and that they had the right, if
they thought proper to exercise it, to give to the plaintiff vin-
dictive damages.   The questions upon the admission of the
evidence objected to and the propriety of the charge are pre-
sented for our consideration.

Mitchell et al. v. Billingsley.

1. We understand the proof made amounted to this, the value of the orchard as it was situated on the land. We cannot percieve any substantial ground of objection to this mode of proving the damage. The orchard had been destroyed and the injury the plaintiff had sustained was the value of the orchard as it existed before the alleged trespass. The trees taken up and removed from the place may have been and probably were of very little value, whereas in their growing state in the orchard they may have added considerably to the value of the premises. It was clearly proper to allow the proof.— Sedgwick on Dam. 140.

2. In respect of the charge, the counsel for the plaintiffs in error misconcieves the case of Carpenter et al. v. Lewis, 6 Ala. 682, if he supposes it to conflict with the view the circuit judge took of this case. That was an action of trover for the conversion of brick, boards and rails which the party in possession of the public land, before it was entered by the defendant, had severed from the free-hold. The bricks were burned and in a kiln covered with boards and fenced in with rails. It was held that in this condition they did not become the property of one who subsequently entered the land from the government and who could show no other title to them than the certificate of entry gave. This decision was correct. The property converted was severed from the land—was not appendant to the free-hold and therefore did not pass to the purchaser from the government. Not so with rails composing the fence which enclosed the field the party cultivated. They compose a part of the farm, belong to the owner for the time being and pass to the vendee of the land. It was never heard of that in selling a farm in a state of cultivation, the vendor should insert in the deed a stipulation that the fences enclosing the fields should pass. As to the fruit trees growing in the orchard, they are actual fixtures, the rails on the fence constructive, but both alike pass to the purchaser.—Walker v. Sherman, 20 Wend. 636 ; 2 Kent's Com. 346; McClintock v. Graham, 3 McCord, 553 ; Farris v. Walker, 1 Bailey's Rep. 540 ; Gibson v. Vaughn, 2 ib. 389 ; Vanness v. Pacard, 2 Peters Rep. 137; English v. Foote, 8 S. & M. 444. A gin house, the running gear thoreof and a packing screw are said to be fixtures, inseparable from the realty and pass with the free-hold,—(McDaniel v. Moody, 3 Stewart's

26

Rep. 314,)—but the gin-head is not.—Hancock v. Jorden, 7 Ala. Rep. 448.

3. Upon the other point involved in the charge we have equally as little difficulty. There was some evidence that the defendants, while in the commission of the tortious acts complained of, used indecorous and insulting language and that one of them had a pistol. It is well settled that in such case and in actions of this kind the jury are not confined to the actual damage. The law in cases attended with circumstances of aggravation, allows the jury to give exemplary damages.—Sedg. on Dam. 39-487. The case of Merest v. Harvey, 5 Taunt. 442, (marg. page,) was an action of *trespass quare clausum fregit*. No actual damage was sustained by the owner of the land, yet the jury gave £500 and the court refused to disturb the verdict, holding that the jury properly imposed exemplary or punitory damages.

Let the judgment be affirmed.