# Burkham *v.* Mastin.

*Action on Common Counts, &c.*

1. *Amendment; power to allow.*—A court has power, after the trial has been entered upon, to allow an amendment to the complaint, so as to make its allegations of the terms of the contract declared on, correspond with the evidence.

2. *Contract; what not within statute of frauds.*—A contract by which a creditor receives from his debtor control of a plantation he is cultivating, and sells the crops when grown in payment of the debt, upon agreeing to assume all the debtor's contracts for the cultivation of the plantation, need not be in writing, and is not within the statute of frauds; and any person having a contract with the debtor, which the creditor promised to carry out, may maintain an action against the creditor in his own name for a breach of the promise, although the consideration did not move from him.

3. *Contract; how parties to, may change.*—Where a valid contract subsists between the parties, it is competent for them, at any time before its breach, to waive, annul or dissolve the agreement, or to change or modify its terms, and the mutual agreement of the parties is a sufficient consideration.

[Burkham v. Mastin.]

4. *Same; what waiver of original contract.*—If a creditor receives a partial payment before any breach of contract, and agrees to look to another source than the promissor for payment, such new agreement is binding and the original contract is abandoned or waived; but if such agreement is made only to induce performance and prevent a breach of the original contract, it is without consideration and can not be supported.

5. *Charge; when properly refused.*—A charge is properly refused which instructs the jury that certain acts of the parties are conclusive evidence of an intention to abandon the original contract, when these facts are capable of explanation by other testimony submitted to them, which, if believed, may show a different intention.

APPEAL from the City Court of Montgomery.
Tried before Hon. JOHN A. MINNIS.

The appellee, Mastin, brought this action against the appellant, Burkham. The complaint contained two counts; the first being the common counts, and the second, counting on an agreement which in substance was as follows: One B. W. Ramsey, in 1874, entered into an agreement with plaintiff, to superintend his plantation that year, for which he agreed to pay five hundred dollars if a good crop was made, and not less than four hundred dollars in any event. While plaintiff was engaged in performing his duties under the agreement, defendant made an agreement with said B. W. Ramsey, in substance, that in consideration of said Ramsey's turning over the plantation to defendant, and the making and disposition of the crops that year, defendant would assume all the debts and liabilities of said Ramsey, in reference to said plantation or the crops, or superintending the same. Ramsey, in pursuance of the contract, in June, 1874, turned over the plantation and crops, and permitted defendant to dispose of all grown thereon that year. The count avers that defendant's agreement with Ramsey covered Ramsey's agreement with defendant; that plaintiff performed his agreement, and made a good crop that year; nevertheless defendant, though often requested to, refuses to pay plaintiff, wherefore the suit.

The plaintiff demurred to the second count, on the grounds that there was no privity of contract between plaintiff and defendant; that defendant is not shown to have made any contract with plaintiff; that the count shows that the promise of defendant to Ramsey to pay his debts, of which the debt to plaintiff was one, is void under the statute of frauds, and that the contract therein set forth is void for uncertainty. The demurrer was overruled.

On the trial Ramsey testified that he employed the plaintiff in the month of February, 1874, to superintend his plantation, at a compensation to be not less than three, nor more

than five hundred dollars, in proportion to their success in making a crop. Thereupon, plaintiff moved for leave to amend his special count, so as to make it conform to the proof as to the terms of the contract. The court allowed the amendment, against the objection and exception of defendant.

The testimony shows that B. W. Ramsey commenced the cultivation of a plantation in the year 1874, and hired plaintiff to superintend it. In June of that year, Ramsey, who was indebted to Burkham, agreed with the latter to turn over the plantation to him, and to allow him to control and sell the crops, and apply the proceeds to reducing Ramsey's indebtedness, upon Burkham's assuming all of Ramsey's contracts in regard to cultivating the place, including his contract with plaintiff. Under this contract, Burkham took possession of the plantation and sold the crops raised thereon, plaintiff continuing to superintend the plantation until the end of the year. Defendant "often visited the place while plaintiff was superintending it and made no complaint."

After the crops were housed in November, 1874, plaintiff applied to defendant for the balance due him, defendant having paid $150 up to that date. Defendant offered to pay him one hundred dollars if he would give him a receipt in full, which was already written out, stating if he did not sign it he would pay nothing. Plaintiff refused to sign, unless defendant would give him a showing for the balance of his wages. Thereupon defendant paid plaintiff one hundred dollars, and signed and delivered to him the following writing: "I hereby agree with B. E. Ramsey and O. M. Mastin [the plaintiff] that in addition to what I have paid them for their services, I will pay them in equal proportions any surplus that there may be after I have been fully paid for my advances made in making the crop, if there should be any surplus.—C. B. Burkham." Upon the execution of this instrument plaintiff signed a receipt in full.

The Ramsey mentioned in this agreement was an employe on the plantation. The plaintiff, on re-direct examination, further testified that he did not agree to the stipulations contained in this instrument, but took it merely as evidence of further indebtedness. The defendant objected to this testimony, but the court overruled the objection and admitted the testimony, and defendant excepted.

No time was fixed when plaintiff's wages were to be paid, but it was shown to be the custom of the country that they were not payable until the end of the year. The crop raised on the plantation in 1874 was not a good one.

This being the substance of the testimony, the defendant

requested the following charge : "If the jury believe from the evidence that plaintiff's wages were not due at the time plaintiff was paid $100 by defendant, and plaintiff, in order to procure the payment of said one hundred dollars before it was due, signed a receipt to defendant as in full, and took from the defendant the paper signed C. B. Burkham ; this constituted a new contract between the parties, based on a sufficient consideration, and the new contract being substituted for the original contract, plaintiff can only recover in a suit on the new contract, and not in this action." The court refused to give this charge, and defendant duly excepted.

The refusal to give the charge requested, and the ruling on demurrer, are the chief errors assigned.

BLAKEY & FERGUSON, for appellants.—It is true the general rule is, the statute of frauds must be pleaded ; but why plead what already appears of record on the face of the complaint ? The special count shows on its face that the contract plaintiff is seeking to enforce, is a promise to answer for the debt of another, and construing it most strongly against the pleader, that it was not in writing. It was, therefore, void under the statute of frauds.—25 Ala. 236. The charge requested should have been given. It was perfectly competent for the parties to make the new contract, and when made, all former contracts were merged in it, and any right of action existing, is upon the new contract.—*Johnson v. Sellers*, 33 Ala. 271 ; 29 Ala. 558.

ARRINGTON & GRAHAM, *contra*.—Where a promise is made by one person for the benefit of another, the latter may maintain an action on it in his own name.—*Mason v. Hall*, 30 Ala. 599. The promise in this case arising out of a new consideration, beneficial to the promisor and resting entirely on his performance, is not within the statute of frauds.—*McKenzie v. Jackson*, 4 Ala. 250 ; *Mason v. Hall*, 30 Ala. 599. The charge asked was properly refused. It was based only on a part of the evidence, and required the court to instruct the jury, if this was true, then the parties did make a new contract, when there was testimony tending to show they did not.

BRICKELL, C. J.—The tendency of our decisions is in support of the proposition, that if one person make a promise to another, for the benefit of a third, such third person may maintain an action upon the promise, though the consideration does not move from him.—*Huckabee v. May*, 14 Ala. 263 ; *Mason v. Hall*, 30 Ala. 599. It is well settled by our decis-

ions, conforming to the universal construction of the statute of frauds, that a promise by one to pay the debt of another, made upon a new and valuable consideration beneficial to the promisor, is not within the statute.—*McKenzie v. Jackson*, 4 Ala. 230; *Lee v. Fontaine*, 10 Ala. 755; *Mason v. Hall*, 30 Ala. 599. It is also well settled, that in declaring on promise required by the statute of frauds to be in writing, it is not necessary to aver the promise to have been made in writing. The distinction recognized by the authorities is, that when the contract would be good at common law, without writing, it is not necessary, in suing on it, to aver that it was written, although unless it is, a statute may declare it invalid. If, however, a statute creates the liability, or authorized the contract, and rendered a writing essential, then, in suing on it, the declaration must aver it is in writing.—2 Brick. Dig. 30, § 221. These propositions sustain the sufficiency of the complaint, and relieve it from the objections made by the demurrer.

The statute (R. C. § 2809) requires the amendment of pleadings, while the cause is in progress, "without costs and without delay," unless injustice will thereby be done. The only limit to the right of amendment is, that a new cause of action must not be substituted, and there must not be a change of the form of action, or an entire change of parties. The court below very properly permitted an amendment of the complaint, so as to make its allegations of the terms of the contract correspond with the evidence.

The plaintiff having assented to the contract made with Ramsey, by which the defendant became liable to pay him for his services, it was competent for him and the defendant, at any time before a breach of the contract, to waive, dissolve or annul the agreement, or to change, modify or qualify its terms. The mutual agreement of the parties, is the only consideration necessary to support the new agreement.—1 Brick. Dig. 334, § 233. Whether there has been such change or modification of the original contract, is a question of fact for the jury, and depends on the intention of the parties, to be collected from their acts and declarations when the change is supposed to have been made. The acceptance by a party of a portion of his demand against another, without any agreement to release the balance, is not a waiver of his right to insist upon the payment of such balance.—*Trustees, &c., v. Walden*, 15 Ala. 655. But if he accepts such partial payment, before a breach of contract—before the time of payment has arrived, and agrees to look to another source than the promisor for the payment of the balance, or that pay-

[Danner v. The State.]

ment of the balance shall depend on some contingency or event in the future, which may never happen, such new agreement is binding, and the original contract is waived or abandoned.—*Johnson v. Sellers*, 33 Ala. 265. If such agreement is made only to induce a performance, or to prevent a breach of the original contract, it would be without consideration and could not be supported.

The charge requested by appellant was properly refused. Without explanation, its tendency was to mislead the jury. It withdrew from the consideration of the jury the evidence tending to show that the plaintiff had not assented to a change of the original contract—had not assented that the payment of the balance of his wages should depend on a surplus of the proceeds of the sales of the crops remaining after paying the defendant his advances. It also withdrew from their consideration the evidence tending to show that the plaintiff only seemingly assented, to induce a partial performance of the original contract.

The defense set up was also dependent on the inquiry, whether the parties, by the supposed new agreement, really intended to vary or dissolve the original contract. If the charge had been given, the jury would probably have been led to suppose the facts referred to in it were conclusive evidence of such intention. These facts were all capable of explanation by evidence which satisfied the jury that the parties never intended to change or dissolve the original contract. There was evidence on this point, and its effect it was the province of the jury to determine.

We find no error in the record, and the judgment must be affirmed.