[Cooper v. Watson, Adm'r.]

# Cooper *v.* Watson, Adm'r.

*Detinue for Timber severed from the Freehold.*

1. *When vendee of the widow not estopped from taking and holding possession of lands adverse to personal representative and heirs of deceased husband.*—Where the widow, on the death of her husband, succeeded to, and claimed possession of lands of which the husband died possessed in his own right, and afterwards sold, and by deed purporting to pass the fee, conveyed the lands to another, the deed, although it may not have passed the title, constituted color of title; and the widow's vendee, sustaining no relation to the deceased husband, or to his personal representative or heirs, or to the title which they could assert, is not estopped from taking and holding possession of the lands in hostility to the decedent's personal representative or heirs.

2. *Adverse possession; what constitutes.*—However insufficient may be a conveyance of land, and however incompetent may be the grantor in such conveyance, to pass the legal title, an entry under it, accompanied with continuous possession and claim of title, renders the possession adverse.

3. *Statutory action for the recovery of chattels in specie; rules governing detinue applicable.*—The statutory action for the recovery of chattels *in specie* corresponds to, lies only when, and is governed by the rules (except as otherwise provided by statute) which govern, the common law action of detinue; and to support it, the plaintiff must have either a special or general property in the chattels, and the right to the immediate possession.

4. *Detinue for timber severed from freehold; when can not be maintained.*—While the general rule is, that when things, which, in their natural state, form part of the freehold, are severed therefrom, and converted into chattels, they belong to the owner of the land, mere changes in the form of such things, so long as the identity of the original material can be traced, not working a change of ownership, and he may maintain detinue for them, if they are removed from the freehold, yet, the law not permitting the title to land to be inquired into directly in personal actions, the owner of the freehold can not maintain that action, if he can show title to the things severed from it only by showing title to the land, and, at the time of the severance, he had not actual or constructive possession of the land, but it was then held and occupied adversely to him.

APPEAL from Covington Circuit Court.
Tried before Hon. JOHN P. HUBBARD.
The facts are sufficiently stated in the opinion.

W. D. ROBERTS and J, M. WHITEHEAD, for appellant.

GAMBLE & PADGETT, J. W. POSEY and J. E. P. FLOURNOY, *contra.*

BRICKELL, C. J.—This was an action for the recovery,

*in specie;* of sticks of pine timber, in which the appellee as administrator of Robert E.. Jordan, deceased, was the plaintiff, and the appellant was the defendant.  The material facts, as shown by the bill of exceptions, are, that the intestate, Jordan, who died in 1870, had, in 1855, purchased the lands, the sixteenth section, known as school .lands, from the school commissioners, giving notes for the purchase-money.  The lands were wild and unoccupied, but over them Jordan exercised acts of ownership, and had such possession as the lands were capable of in their wild state.  After his death, his widow succeeded to, and claimed the possession, and made payment of one of the notes he had given for the purchase-money.  She then sold, and by deed, purporting to pass the fee simple, conveyed to the defendant, who entered into possession, claiming title,. and, while in possession, severed the timber for the recovery of which the action was instituted.

If it be conceded that Jordan's prior and continuous possession of the lands under the contract of purchase, though in fact the legal title was in the State, would have entitled him, and will entitle his personal representative after his death, to maintain ejectment against a mere intruder or trespasser, or against one who, without lawful right, entered into the possession, and that the possession would draw to it the title, and the right to the possession of things severed from the realty, and converted into chattels, the question is directly presented, whether the present action is maintainable against the defendant, who was in actual possession at the time of the severance of the timber, holding adversely and claiming title.

Several of the instructions given by the circuit court seem to rest upon the hypothesis, that as the defendant entered into possession under a conveyance from the widow of the intestate, which was inoperative to pass title, he was estopped from denying the title of the intestate. and his possession was in subordination, not in hostility to that title.  But it is evident the hypothesis can not be supported.  The defendant sustained no relation to the intestate, or to his personal representative, or to his heirs, or to the title they could assert, which estopped him from taking and holding possession of the lands in hostility to them. A tenant can not deny the title of his landlord; nor can the purchaser entering under an executory contract of purchase deny the title of his vendor; for he is *quasi* a tenant, holding by the permission of the vendor, and by virtue of his title.  But the grantee in a *deed-poll* entering into possession,. holds for himself, in his own. right, and for his own benefit, not as the tenant, or in subordination to the title of the grantor. He may treat the grantor. as a stranger to the title, repudiating and disavowing all privity with him, and all obligations resting

upon him. There is no obligation resting upon the grantee to surrender the possession to the grantor, or to those under or from whom he may have claimed, at any future time, or upon the happening of any future event; and when such obligation does not exist, there is no estoppel.—Bigelow on Estoppel, 289. The conveyance of the widow may not have passed title to the lands; it was nevertheless *color of title*, under which the defendant entered, claiming title, and intending to hold possession. However insufficient may be a conveyance to pass title, and however incompetent may be the power of the grantor in such conveyance to pass the true and real title, yet, an entry under it, accompanied with continuous possession and claim of title, renders the possession adverse—*Miller v. State*, 38 Ala. 600; *Dillingham v. Brown, Ib.* 311; *Wright v. Mattison*, 18 How. (U. S.) 50; *Pillow v. Roberts*, 13 How. (U. S.) 472.

The present action, derived from the statute (Code of 1876, §§ 2942–47), corresponds to the common law action of detinue, and lies only when that action could have been maintained, and is governed by the rules, except as otherwise provided by statute, which governed that action.—*Harris v. Hillman*, 26 Ala. 380. It lies only for the recovery of personal chattels, and not for real property; and the chattels must be capable of being distinguished from other chattels by some certain means, so that there may be a delivery of them *in specie* to the plaintiff, if he recover.—2 Wait's Actions & Defences, 531. To support the action, the plaintiff must have either a special or general property in the chattels, and the right to the immediate possession.—*Reese v. Harris*, 27 Ala. 301.

The general rule is, that when things, which in their natural state form part of the freehold, are severed therefrom, and converted into chattels, they belong to the owner of the land. Mere changes in the form of such things, so long as the identity of the original material can be traced, will not work a change of ownership.—*Carpenter v. Lewis*, 6 Ala. 682; *Curtis v. Groat*, 6 Johns. 168; *Brown v. Sax*, 7 Cowen, 95; *Riley v. Boston Water Power Co.*, 11 Cush. 11; *Wright v. Guier*, 9 Watts, 172. And trover or detinue may be maintained for their conversion or detention if they are removed from the freehold.—*Carpenter v. Lewis, supra*; 1 Smith's Lead. Cases, (7th Am. Ed.) 660.

The owner of the freehold can not, however, maintain either of these actions, if, at the time of the severance, he had not actual or constructive possession of the land; if the land was then held and occupied adversely to him.—1 Smith's Lead. Cases, *supra; Mather v. Trinity Church*, 3 Serg. & Rawle, 509; *Baker v. Howell*, 6 Ib. 476; *Brown v. Caldwell*, 10 Ib. 114; *Powell v. Smith*, 2 Watts, 126; *Brothers v. Hurdle*, 10

Ired. (Law) 490; *Branch v. Morrison*, 5 Jones, (Law) 16; s. c: 6 *Ib.* 16. The reasons seem obvious, and are thus stated by the annotators of Smith's Leading Cases: "To hold the law otherwise would be to bring the title to the land in dispute in a transitory action, although the plaintiffs had not adopted proper means for reducing his title to possession. For if the general right to land, unaccompanied by possession, were viewed as giving, first, a general right of property in whatever may be severed from the freehold, and, then, a consequent constructive possession, the only question in an action of trover or replevin brought against an actual possessor would be as to the party in whom the title to the realty lay." It is obvious the controversy in the circuit court was directed largely, if not exclusively, to the inquiry whether Jordan, the intestate, had title to the lands, or such possession as would have entitled him to maintain ejectment against an intruder, or against one entering without lawful right. It was upon the strength of his title the right to recover the timber was based, and all questions which could have been raised, and all evidence which could have been introduced, if the action had been ejectment, were raised and introduced. The title to lands the law will not permit to be inquired into directly in personal actions. There are appropriate remedies appointed for contests of the title, which parties must pursue. The lands being in the adverse possession of the defendant at the time of the severance of the timber, the first step the plaintiff must have taken to establish a right of recovery, was to show title in his intestate: If he had not title, there could be no recovery. Independent of this consideration, as was said by Gibson, C. J., in *Powell v. Smith*, *supra*, "it would provoke much useless litigation, and be attended with great practical mischief, if an owner out of possession were suffered to harass the actual occupant with an action for every blade of grass cut, or bushel of grain grown by him, instead of being compelled to resort to the action for mesne profits, after a recovery in ejectment, by which compensation for the whole injury may be had at one operation."

The doctrine seems well settled, upon principle and authority, that if the owner of the land be not in the actual possession—if he can show title to things severed from it, only by showing title to the land, a personal action for the taking, conversion, or detention of such things will not lie. If he have the possession at the time of the severance, the rule is different. But if his possession is divested—if his right lie in entry, and the adverse possessor gathers a crop in the course of husbandry, or severs a tree or other thing from the land, the things severed are converted into chattels. But they do not become the property of the owner of the land; he is out of possession, and has

[Pearce v. Clements.]

no right to the immediate possession of such things, nor can he bring any action to recover them, until he regains possession. *Brothers v. Hurdle, supra.*

The rulings of the circuit court were not in conformity to these views, and the judgment must be reversed and the cause remanded.