# McRight, et al. v. Farned.

## Assumpsit.

(Decided November 9, 1915.    70 South. 297.)

1. **Pleading; Abatement; Construction.**—Where demurrers were interposed to special pleas setting up a failure of consideration, the pleas will be construed most strongly against the pleader.

2. **Crops; Mortgages; Chattels; Pleading.**—Where the action was by the mortgagor to recover from the purchaser at foreclosure sale an excess of the

bid over the mortgage debt, pleas alleging failure of consideration for the bid, but averring only that the price was bid for land upon which was a valuable crop which plaintiff converted to his own use, or that the bid was for certain lands and crops growing thereon, and that the defendant became the purchaser of the land and the crop, failed· to show that the crops were growing and unsevered at the time of the sale, and hence, that defendant could not claim the crops, since crops severed in the course of husbandry are chattels, and do not pass with the realty.

3. **Adverse Possession; Claimant; Personal Action; Crops.**—A special plea seeking recovery for conversion of crops, in answer to the suit of the mortgagor to recover the excess of the bid over the mortgage debt, alleging that the mortgagor held the land by adverse possession, is demurrable; a personal action by the owner of land not in possession will not lie against the adverse possessor under claim of ownership for conversion or possession or severance of crops, the action being properly by entry.

4. **Appeal and Error; Review; Scope; Non, Suit.**—Where plaintiff took a non suit because of adverse rulings on demurrer to special pleas such rulings will be reviewed on appeal.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Assumpsit by W. A. McRight and another against A. Farned. Judgment for defendant on demurrers to pleas, plaintiff taking nonsuit with bill of exceptions. Plaintiffs appeal. Reversed and remanded.

The following are the special pleas: (2) There has been a failure of consideration for the debt sued on herein, in this, that the debt which is the foundation of this suit is a part of the consideration of the purchase price bid for a piece of land in the year 1914, upon which there was a valuable crop worth, to-wit, $500, defendant herein purchasing said lands at a foreclosure sale under the mortgage in which plaintiffs were mortgagors; and defendant further alleges that after his said purchase of said lands and crops he notified plaintiffs to deliver to him the possession of said lands and crop, and plaintiffs failed and refused to so deliver same to him, and still refuse so to do, but hold and occupy said lands, claiming the same adversely to defendant, and denying defendant's title to the same; and defendant further alleges that plaintiffs have converted to their own use and deprived defendant of said valuable crops and the enjoyment of said premises.

(3) There has been failure of consideration for the debt here sued on, in this, the debt sued upon is part of the consideration or purchase price bid by defendant for certain lands and crops growing thereupon at a foreclosure sale under the powers

of a mortgage executed by plaintiffs. Defendant avers that there was upon the lands at the time of his said purchase a crop of the value of $500 which plaintiffs refused and failed to deliver to defendant under his said purchase, but converted to their own use and benefit, and deprived defendant of the value thereof.

(4) The debt here sued upon is the excess bid at a foreclosure sale of a mortgage executed by plaintiffs, at which sale defendant became the purchaser of certain lands and crops of the value of $3,100, and defendant avers that plaintiffs, notwithstanding said purchase of said lands and crops and defendant's right and title thereto, failed and refused to deliver said crops to defendant, but converted the same to their own use and benefit, and deprived defendant of the value therof, to-wit, $500, which he offers to recoup against the debt here sued upon, and asks for judgment over.

W. L. CHENAULT, for appellant.   W. H. KEY, for appellee.

PELHAM, P. J.—The appellee foreclosed a mortgage held by him on the appellants' farm, and purchased the property at the foreclosure sale for a sum in excess of the amount due on the mortgage debt. The appellants brought suit in the court below against the appellee for money had and received, seeking to recover the difference between the amount bid by the appellee at the mortgage sale for said property.

The appellee filed four special pleas in answer to the complaint, to which pleas the appellants separately and severally interposed demurrers that were overruled by the court, whereupon, on account of such adverse rulings, the appellants took a nonsuit with a bill of exceptions, and assign here as error the court's action in overruling the demurrers to the said pleas.

The special pleas set up a failure of consideration in that the appellants converted to their own use the crops grown on the mortgaged land under a claim of ownership while in possession of the lands, claiming them adversely to the appellee. In different pleas the appellee offered to recoup and set off the value of said crops gathered by the appellants against the demand sued for.

(1, 2) Construing the special pleas most strongly against the pleader, it does not appear that the crops were growing crops constituting part of the freehold, or had not been severed, at or

before the time of the forfeiture and sale. If severed in the course of husbandry, the crops were converted into chattels, and did not constitute part of the freehold and pass with it to the mortgagee when he became the purchaser of the land at the mortgage sale, but belonged to the mortgagors without any liability upon their part to account for them.—Jones on Mortgages, § 697.

(3) The first special plea (numbered 2) seeks to set up as a cross-action the taking or conversion of the crops by the mortgagors while in possession of the land and crops, holding and claiming them adversely to the appellee. It is settled by the decisions of this state that a personal action for the taking, conversion, or detention of crops, or other things severed, will not lie even at the suit of the owner of the land not in possession and whose right lies in entry, against the adverse possessor who gathers or severs the crop while in such adverse possession under claim of ownership.—4 Enc. Dig. of Ala. Repts. 597, § 5; *Cooper v. Watson,* 73 Ala. 252; *Beatty v. Brown,* 76 Ala. 267; *Stewart v. Tucker,* 106 Ala. 319, 17 South. 385.

(4) The plaintiffs below, appellants here, having suffered a nonsuit on account of the adverse ruling of the court in passing on the demurrers to the special pleas that are not in harmony with our holding, they are entitled to review those rulings on this appeal (*Berlin Mch. Works v. Ewart Lumber Co.,* 184 Ala. 272, 63 South. 567), and the judgment must be reversed, and the cause remanded, to the end that the court below revise its rulings accordingly.

Reversed and remanded.