## BROWN v. BARNES.

1. A promise, not in writing, to pay the debt of another, is within the statute of frauds, unless it be made upon some new consideration *beneficial* to the promissee.

2. A promise by one, that he will pay the debt of another, if the creditor will state the account, and make affidavit of its correctness, before the Mayor of the city of Philadelphia, is void under the statute of frauds, unless it be in writing.

3. The declaration in such a case, need not state that the promise was in writing; it will be sufficient to prove it to be so on the trial.

Error to the Circuit Court of Sumter.

Assumpsit by the plaintiff against the defendant in error.

The declaration alleges that one William D. Barnes was indebted to the defendant at Philadelphia in an account for goods sold; and that the defendant being advised thereof, and having the custody of the estate of said William and the management of his affairs, in consideration thereof; and in consideration that he would state the items of the account against the said William, and make affidavit before the mayor of the city of Philadelphia of the correctness of the account, and get the mayor to certify the fact under the seal of his office, promised the plaintiff to pay him the amount of his account. The declaration proceeds to aver the stating of the account, amounting to $127 87; that affidavit of its correctness was made before the mayor and duly certified, &c.; and breach.

To this declaration the defendant demurred, and the court sustained the demurer, and rendered judgment for the defendant; which is now assigned for error.

REAVIS, for plaintiff in error. The consideration is sufficient. [Chitty on Contracts, 30.] The consideraton is a new one, and the undertaking original, and not within the statute of frauds. [3 Burr. 1886; 21 Maine Rep. 410; 8 Johns. 39; 10 N. H. 32; 4 Ala. 230.] But if otherwise, the declaration need not state the promise to be in writing. [2 Saund. P. & E. 546; 4 Johns. 237.]

BLISS & BALDWIN, *contra,* cited 3 Metcalfe, 396.

ORMOND, J.—Conceding that the consideration in this case would have been sufficient to sustain an action upon the promise to pay the debt between the original parties to it, we will consider whether it would be sufficient, under the statute of frauds, as a promise to pay the debt of another, unless the promise was in writing.

The counsel for the plaintiff in error insists, that this case is not within the statute, because the promise is made upon a new consideration, by which an onerous and, possibly, expensive burthen was cast upon the promissee.

In McKenzie v. Jackson, [4 Ala. 230,] we had occasion to consider this question. There, the consideration for the promise, which was not in writing, was the receipt, by the promissor, of

a stock of goods from G., in consideration of which, he agreed, by deed with G. to pay certain of his creditors; and afterwards, by parol, promised the plaintiff, one of them, to pay his debt, and we held the promise not within the statute of frauds. The decision in that case turns upon the fact, that the promise was made upon a new consideration *beneficial to the promissor*. The same decision was made by the supreme court of Massachusetts, in the case of Nelson v. Boynton, [3 Metcalfe, 396,] after an elaborate examination of the authorities. The case was, that a creditor had commenced a suit by attachment, and levied on the property of the debtor; and a son of the debtor promised the creditor that if he would dismiss the attachment he would pay the debt. The attachment was dismissed; and the debt not being paid, a suit was brought upon the promise by the creditor against the son. The court held it to be within the statute, because the consideration for the promise was not beneficial to the promissor, though it might be injurious to the promissee.

In this case, the promise was of no benefit whatever to the promissor, and was not, therefore, binding as an original promise between the parties to the new contract under the statute of frauds, unless in writing.

A promise by A. that he will pay B. a debt, which the latter claims of him, if he will swear to it or prove it in a particular mode, would doubtless be a good consideration for an action on the promise at common law. [See the cases collected on this head in Com. Dig. Assumpsit B. 4.] But in these cases, it is to be observed, that the debt is a consideration to support the promise. When the promise is to pay the debt of another, the debt may be a sufficient consideration; but the statute requires that it should be in writing, unless the consideration of the promise is beneficial to the person making it. In that event, it is a new and substantive contract not within the contemplation of the statute, the design of which was not to protect men against the payment or discharge of their own contracts, but to protect them against the payment of the debts of others.

The declaration does not state whether the contract was in writing or not; nor was it necessary that it should have been stated to be in writing: it will be sufficient if it is proved to be so on the trial. The court, therefore, erred in sustaining the demurrer to the declaration; and for this cause the judgment must be reversed, and the cause remanded.