## KIZER v. LOCK.

1. Where one had the pre-emption right to enter certain land, which another agreed to advance the money and enter, provided the entry was made in his own name, and that upon being repaid the purchase money, he would convey the land—Held, that this contract, if in writing, and signed by the party to be charged, could be enforced after a payment of the purchase money, either in equity, for a specific performance, or by action at law, to recover damages for its breach.

2. It is not necessary in such a suit, to alledge in the declaration, that the contract was in writing, but it must be proved on the trial.

Error to the Circuit Court of Monroe.

THIS was an action on the case, by the plaintiff against the defendant in error.

The declaration is as follows: "For that whereas, the plaintiff was in possession, resided on, and cultivated a valuable tract of land, to wit, &c. (describing it,) to wit, on 1st August, 1838, of the value of $2,000, to which he, the plaintiff, was entitled to a pre-emption right, to enter the same, at one dollar and twenty-five cents per acre, according to the law of the United States, and intended so to do, and to sell one half of said tract of land for a large profit, but the defendant intending to cheat and defraud the plaintiff out of said land, persuaded the plaintiff not to sell any part of said land, but promised, inasmuch as he, the defendant, owed the plaintiff a part of the money, he would lend the plaintiff the residue required to enter the land, if the plaintiff would

permit the title to be taken out in the defendant's name, as security for the repayment of the purchase money, and then agreed to convey said land to plaintiff, whenever the plaintiff would repay said sum of money.

In consideration of said agreement, the plaintiff did permit the defendant to enter said land in his own name, and afterwards, to wit, on the 5th January, 1839, tendered to the defendant the residue of said purchase money, together with all charges incurred in the purchase of said land. But the defendant deceitfully contriving, &c. refused, &c. to the damage of the plaintiff $2,000, &c.

The defendant demurred to the declaration, and the court sustained the demurrer. This is now assigned as error.

HOPKINS, for plaintiff in error.
PECK & CLARKE, contra.

ORMOND, J.—The substance of the agreement, as recited in the declaration, is, that the plaintiff was entitled to a right of pre-emption in certain lands, and being about to enter the same at the land office, the defendant, who was indebted to him, in part of the sum necessary to enter the land, offered, and agreed to advance the residue of the money necessary to make the entry, provided he was permitted to enter the land in his own name, and that upon the repayment of the sum due, he would reconvey, &c., which he refuses to do, although the money has been tendered to him. This, though informally stated in the declaration, is such a contract as may be enforced, if it be in writing, and signed by the party to be charged, as required by the statute of frauds, and the party aggrieved, might, at his option, have a specific performance in Chancery, or his action at law, for a breach of the contract.

It is probable, that the decision of the court below was made upon the ground, that it did not appear that the contract was in writing. This was not necessary to be stated in the declaration. The rule as laid down in the books, is, that where a statute makes a writing necessary, where it was not so at the common law, it is not necessary to plead the thing to be in writing, though it must be proved to be so in evi-

dence. [2 Salkeld Anon. 519; Stephen on P. 375.] A distinction is said to exist, between a plea and declaration, and that in the former it must be so averred. [Case v. Barber, Sir T. Ray. 450; see also, Brown v. Barnes, 6 Ala. Rep. 694.]

From this view, it results, that the court erred in the decision made; its judgment is therefore reversed and the cause remanded.