## MARTIN *vs.* BLACK'S Ex'rs.

1. A promise in writing to pay the debt of another, in consideration of forbearance to sue, is founded on sufficient consideration, and is valid in law.

2. But if the creditor has not the legal right to sue at any time during which he promises to forbear suit, the promise to pay in consideration of such forbearance is without consideration, and consequently void.

3. Letters of administration on the estate of a deceased debtor having been granted *on the 1st October*, 1847, the defendant, who was his mother, promised the creditor, that if he would not proceed to subject the property of the estate to the payment of his debt "until the crop of cotton made in the year 1847 on the plantation of the deceased was sold, *which probably would be during the ensuing Spring*," she would pay the debt. The creditor forbore to institute suit against the estate, and afterwards brought assumpsit against the defendant, on her written promise, *Held,*
That the promise was founded on sufficient consideration.

4. A promise to pay the debt of another, which is not reduced to writing, and is not beneficial to the promisor, is within the statute of frauds, and void.

5. A promise to pay out of the assets of the estate of the deceased debtor will not bind the administrator personally.

ERROR to the Circuit Court of Lowndes.

Tried before the Hon. E. Pickens.

THIS was an action of ASSUMPSIT, brought by the plaintiff, to recover the amount of a note given to the plaintiff by William W. Black, for sixty-seven dollars and thirty-three cents, which the plaintiff alleged that the defendant, Margaret Black, promised to pay. Upon the trial, a bill of exceptions was taken, which shows that William W. Black, the maker of the note, died, and one Harris was appointed his administrator, on the 1st of October, 1847, and on the 18th of the

same month, the defendant, who was the mother of William
W. Black, promised the plaintiff, that if he would not take
any steps to subject the property of the estate to the pay-
ment of his debt, until the crop of cotton raised on the estate
could be sold, which would be in the Spring of 1848, she
would pay it. This promise was shown to have been in
writing. It was further proved, that the plaintiff's claim,
and some others, were in the hands of Mr. Colclough for col-
lection, and Margaret Black was desirous to employ him as
an attorney, to have the letters of administration granted to
Harris revoked, and to have herself appointed administra-
trix, but he refused to be employed, unless she would agree
to pay the claims in his hands for collection against the es-
tate, one of which was the claim sued on; and in considera-
tion of obtaining his services, she did promise to pay said
claims out of the proceeds of the crop of cotton raised on
the estate. The proof also showed that Colclough acted as
her attorney, had the letters issued to Harris revoked, and
administration granted to the defendant, for which she paid
him one hundred dollars as a fee. But this last promise, to
pay the debt out of the proceeds of the crop of cotton, in
consideration of the services of Mr. Colclough, was not in
writing. Upon this testimony, the court instructed the jury,
in effect, that there was no consideration for the first promise,
which had been reduced to writing, and that the second
promise, which was not reduced to writing, was within the
statute of frauds, and consequently the plaintiff could not
recover. The plaintiff excepted to these charges, and brought
the case to this court to reverse them.

WATTS, JUDGE, & JACKSON, for plaintiff in error.

1. Forbearance is a sufficient consideration for a promise
to pay debt of third person. See Story on Contracts, § 435;
§ 438, 439, 440, 441; Story on Con. § 431, authorities there
cited; Lee's Adm. v. Fontaine and Freeman, 10 Ala. Rep.
755.

The case of Brown v. Barnes, in 6 Ala. Rep. 694, saying
that the promise, to be binding, must be *beneficial*, is not sup-
ported by the elementary authorities. An *injury* to the
*promisee* is equally good as a consideration. See Story on

Contracts, cited above, and also Chitty on Contracts. But the case at bar, as disclosed by the record, shows a benefit to the *promisor*. The facts upon which the second charge was predicated clearly show a *benefit* to the promisor, and thus bring it within the principles of the decision in 6 Ala. Rep. even if it does not too much restrict the true principle.

2. The promise upon which the first charge is based, was in *writing*, and was upon sufficient consideration. See authorities above cited.

I. B. STONE, *contra.*

1. The first promise is without any consideration. It purports to have been made upon the consideration of forbearance to sue, when it appears from the evidence, that there was no person that could be sued, until the expiration of the very time for which forbearance was sought. The promise was made on the 18th day of October, 1847, only seventeen days after the first grant of administration, and therefore, by the statute (Clay's Dig. 192), no suit could have been commenced until the 1st of April, A. D. 1844.

2. Forbearance to sue is not a good consideration, unless there is some person that can be sued. See Chitty on Contracts, seventh American Ed. 36, and note; 4 East, 455; 1 Smith, 188.

3. The first promise appears to have been abandoned, and in December, after Mrs. Black had been appointed administratrix, another agreement was made, upon the express consideration, that if Colclough would aid and assist Mrs. Black in the management of the administration, she would then pay the debts in his hands for collection against her son's estate. Upon this express understanding and agreement, the evidence shows, that after the services had been rendered by Colclough, *he charged Mrs. Black one hundred dollars for the services thus rendered,* thus directly violating the agreement himself; and this being the case, Mrs. Black was no longer bound by it.

4. If Mrs. Black paid for the legal services of Colclough, out of her own funds (and the evidence shows this), where is the consideration to support the promise to pay the claims of the creditors of the estate ?

5. If there was any consideration at all to support the promise, it should have been in writing; it certainly could not be contended that *it was beneficial to the promisor*.

6. The rule is understood to be, that if the consideration upon which the promise is made, is *beneficial* to the promisor, then the promise is not within the statute of frauds; but if the consideration is *not beneficial* to the promisor, then the promise must be in writing, otherwise it is void.   See Brown v. Barnes, 6 Ala. Rep. 694.

7. The promise to pay the debt of the plaintiff in error, was a promise to pay out of the assets of the estate, and therefore was not binding personally upon the administratrix.   See particularly, 2 Lomax on Executors, 279, and authorities there referred to.

DARGAN, C. J.—This was assumpsit brought by the plaintiff against the defendants, to recover of them the amount of a note executed by William W. Black to the plaintiff, which the defendants' testatrix promised to pay. The facts on which the plaintiff relies to charge the defendants are these: William W. Black died in Lowndes county, and letters of administration were granted to one Harris on the first of October, 1847.   About the 18th of October of the same year, the defendant's testatrix promised in writing that, if the plaintiff would not proceed to subject the property of the estate to the payment of his debt until the crop of cotton made in the year 1847 on the plantation of the deceased was sold, which probably would be during the ensuing Spring, she would pay the debt.   The plaintiff forebore to sue the estate, and in November, 1848, brought this action. The court charged the jury that the promise was without consideration, and therefore void.

The rule of law is well settled, that if one promise to pay the debt of another in consideration of forbearance to sue, that such promise, if reduced to writing, is valid in law, being founded on sufficient consideration.   Bacon's Abr. vol. 1, title assumpsit, page 425; Story on Contracts, §§, 431, 435, 438.   On the other hand, it is equally well settled, that forbearance to sue implies the right to sue, and consequently, if the party to whom the promise to pay is made, had not the

legal right to sue at any time during which he promised to forbear suit, then the promise to pay is without consideration, and consequently void. Bacon's Abr. Supra; 4 East, 455.

Applying these two well settled principles to the promise under consideration, we think the court erred. It is true, that under our law a creditor of an estate has not the right to sue the administrator, until after six months from the grant of administration; consequently the plaintiff in this case could not have sued until April, 1848; but after the first of April, he had the right to sue, and according to the bill of exceptions, he promised to forbear suit during the Spring of 1848; he therefore promised not to sue during the months of April and May after his right to sue was complete. This was a sufficient consideration.

2. We think there was no error in the second charge that was given. The second promise relied on by the plaintiff was not reduced to writing, and we cannot see that it was beneficial to the defendant; therefore it is within the statute, and void. Brown v. Barnes, 6 Ala. 694. Another reason that would render the second charge harmless, if not technically correct, is, that the second or verbal promise was to pay out the assets of the estate, as we construe it; and such a promise will not bind the administrator personally, when it is not founded on some new consideration.

For the error in the first charge, the judgment is reversed and the cause remanded.