## MASON *vs.* HALL.

[ACTION AT LAW ON PAROL CONTRACT.]

1. *Statute of frauds as to promise to pay debt of another.*—A parol promise to pay the debt of another, when founded on a new and valuable consideration beneficial to the promisor, is not within the statute of frauds.
2. *Who may sue on promise to one for benefit of another, and how.*—When a promise is made to one person, for the benefit of another, the latter may maintain an action on it in his own name, notwithstanding the former might also sue; but he must declare specially, except when he can maintain an action for money had and received.
3. *Variance.*—Under a complaint for a specified sum, alleged to be "due for the hire of a negro man," a recovery cannot be had on proof that the negro was hired by plaintiff to a third person, who sub-hired to defendant, in consideration of defendant's promise to pay the hire due to plaintiff.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. C. W. RAPIER.

THE complaint in this case was in these words :

"Lucy H. Mason    The plaintiff claims of the defend-
      vs.       ant $155, due for the hire of a negro
  Thomas Hall.    man, named Ambrose, for the year
1854; which sum of money, with the interest thereon, is
now due."

"On the trial," as the bill of exceptions states, "the
plaintiff introduced proof to show that, on 1st January,
1854, she hired a negro man to James Hall for the term of
one year, for $155, and took from him a note, with secu-
rity, for said sum of money. It was proved, also, that
said James Hall, early in the year 1854, hired said slave
to defendant, Thomas Hall, who was his father; that
defendant agreed with said James Hall, that he would
pay plaintiff the hire of said negro, to-wit, $150, and that
said James Hall would pay $5 of the hire; that the plain-
tiff still held the note of said James Hall; and that said
James Hall had left the country in the early part of the
year 1854. There was no evidence that plaintiff had .
offered to give up the note of said James Hall to any
person. This was, in substance, all the evidence; and
upon this state of facts, the court charged the jury, that
the plaintiff could not recover, as the promise to pay the
hire was not made to her and accepted by her, and the
note of James Hall delivered up." The plaintiff excepted
to this charge, and was compelled to take a nonsuit, which
she now moves to set aside; assigning the charge of the
court as error.

B. WILLIAMSON, for the appellant, cited Cameron v.
Clarke & Smith, 11 Ala. 259; McKenzie v. Jackson,
4 Ala. 230; Pope v. Randolph, 13 Ala. 214; 12 Johns.
276; 2 Denio, 45; 1 Gill & Johns. 448; 16 Serg. & R. 169;
2 Cooper, 443; 1 Vent. 318.

JAMES E. BELSER, contra, cited Roberts on Frauds, 207–8,
219; Puckett v. Bates, 4 Ala. 390; Tompkins v. Smith,
3 Stew. & P. 54; Simpson v. Patton, 4 Johns. 422; Jack-
son v. Rayner, 12 Johns. 291; Gold v. Phillips, 10 Johns.
412.

Mason v. Hall.

WALKER, J.—There are three questions in this case : 1st, whether a promise by one to pay the debt of another, made upon a new and valuable consideration beneficial to the promisor, is within the statute of frauds ; 2d, whether a suit can be maintained upon such a promise by him for whose benefit it was made ; 3d, whether, if suit can be maintained upon such a promise, the declaration may be upon the promise made to the plaintiff's debtor, describing it as if it had been made to himself.

The first of those three questions is clearly settled in the negative by the previous decisions of this court.—McKenzie v. Jackson, 4 Ala. 230 ; Brown v. Barnes, 6 Ala. 694 ; Martin v. Black, 21 Ala. 721 ; Hollingsworth v. Martin, 23 Ala. 591 ; Cameron v. Clark & Smith, 11 Ala. 259.

Upon the second question there is some conflict of authority ; but the weight of authority, both in England and America, is decidedly in favor of the proposition, that where a parol promise is made to one, for the benefit of another, an action may be maintained upon it by him for whose benefit it was made. Such, upon the authorities, and upon the reason, convenience and justice of the rule, we think is the law. It is no objection to the maintenance of the suit by him for whose benefit the promise is made, that an action might also be brought by him to whom the promise was made. We deem it only necessary to cite the authorities in support of the foregoing proposition. Bell v. Chaplain, Hardres' R. 321 ; Arnold v. Lyman, 17 Mass. 400 ; 1 Comyn's Digest, 303 ; 1 Chitty on Pleading, 5 ; Barker v. Bucklin, 2 Denio, 45 ; Master, Wardens & Commonalty of Feltmakers v. Davis, 1 Bos. & Pul. 98 ; 4 Am. Jurist, No. XLIII, October, 1839, pages 16 to 20 ; Hitchcock v. Lukens, 8 Porter, 333 ; Hall v. Marston, 17 Mass. 575 ; Carey v. Evans, 29 Ala. 99 ; Huckabee v. May, 14 Ala. 263 ; Hoyt, Ford & Robinson v. Murphy, 18 Ala. 316.

Upon the third question we are constrained to decide against the appellant. Where a promise is made by one person, to pay the debt of another, it is necessary to declare specially, unless the case be one in which the action

39

for money had and received can be maintained.—Mason v. Munger, 5 Hill, 613 ; Beers v. Culver, 1 Hill, 589 ; Quin v. Hanford, 1 Hill, 82 ; Huckabee v. May, 14 Ala. 263. The complaint is upon a hiring by the plaintiff to the defendant. The cause of action is a promise, in consideration of a hiring by a third person, to pay a debt of such third person to the plaintiff. There was no hiring by the plaintiff to the defendant. There is a fatal variance between the complaint and proof. For this reason we cannot avoid holding, that the charge of the court below is free from error, though it is manifest from the facts before us that the plaintiff has a just and legal cause of action against the defendant.

The judgment of the court below is affirmed.