Smith v. Johnson.

---

## SMITH *vs.* JOHNSON.

[PROCEEDING BEFORE PROBATE COURT FOR ASSIGNMENT OF DOWER.]

1. *Validity of contract contravening policy of public land-laws.*—A contract between A and B, by which it is agreed, that the former shall enter a tract of land, under the graduation act of 1854, (10 U. S. Statutes at Large, 574,) in his own name, but for their joint use and benefit, and that the latter shall furnish the purchase-money,—being in contravention of the policy of that statute, as indicated by the affidavit required of the party making the entry, is illegal and void.

2. *Specific performance of illegal contract.*—A court of equity will not decree the specific execution of a contract which is illegal and void, because in contravention of the policy of the public land-laws, although the party asking it is in possession of the land, and has made valuable improvements.

3. *When probate court may assign dower.*—In proceedings before the probate court for an assignment of dower, (Code, §§ 1380-72,) it is no ac-

fense to the application, that the lands in which dower is sought, and of which the decedent died seized and possessed, are in the possession of a third person, who claims an undivided half interest in them, under a contract between him and the decedent, by which it was agreed, that the latter should enter the lands, under the graduation act of 1854, in his own name, but for their joint use and benefit, and with money furnished by the former; such contract being illegal and void, the person in possession is not an alienee of the decedent, and the fact that he has made valuable improvements on the land does not take away the jurisdiction of the probate court.

APPEAL from the Probate Court of Barbour.

In the matter of the petition of Mrs. Anna E. Smith, formerly the widow of Emanuel Johnson, deceased, for an assignment of her dower in the lands of her said deceased husband. The decedent died on the 14th February, 1856, and the petition was filed on the 6th April, 1859. William W. Johnson, who was the administrator and brother of the decedent, and who had possession of the lands in which dower was sought, contested the petitioner's right to dower; contending that the decedent had aliened to him an undivided half interest in the lands, and that therefore the probate court had no jurisdiction to assign dower to the petitioner; and pleading the statute of limitations of three years. It appeared on the hearing of the petition, as the bill of exceptions shows, that the decedent entered the lands, at the land-office in Elba, at twenty-five cents per acre, under the act of congress approved August 4, 1854, commonly called the " graduation act ;" that the purchase-money, with which the entry was made, was furnished by the contestant ; that the entry was thus made, and the purchase-money thus furnished, in pursuance of a verbal contract between the decedent and the contestant, by which it was further agreed, that the entry was to enure to their joint use and benefit,—each party to have one-half of the land. It further appeared, that the decedent, after entering the land, deposited the certificates of entry with Mrs. Sarah Johnson, who was the mother of himself and the contestant, " requesting her to keep them for himself and William until the lands should be divided, and stating, at the same

time, that one-half of the lands belonged to said William ;" that he repeatedly afterwards disclaimed the absolute ownership of the land, and admitted that one-half of it belonged to the contestant ; that he and the contestant jointly occupied, cultivated, and improved the land, up to the time of his death; that the contestant then continued in the possession, cultivated and improved the land, by clearing, erecting fences, &c., and returned one-half of it in his inventory, as administrator of the decedent's estate, as belonging to said estate ; and that the land had never been divided between them, nor otherwise disposed of. On these facts, the probate dismissed the petition ; and its judgment thereon, to which the petitioner excepted, is now assigned as error.

J. BUFORD, for appellant.—It is against public policy that lands should be entered, under the graduation act, by one person for the use of another ; and the party making the entry is required by the statute to make oath to the contrary.—Dunlop's Digest U. S. Laws, 1442. The alleged contract between the decedent and the contestant, being against public policy, was illegal and void, and would not be specifically enforced by a court of equity.—*Dial v. Hair*, 18 Ala. 798 ; *Evans v. Kittrell*, 33 Ala. 449 ; Story on Contracts, §§ 542, 569, 581, 615 ; Story's Equity, §§ 751, 769. As the contestant had neither a legal title to the land, nor such an equitable interest as might be enforced in chancery, he cannot be considered an alienee or purchaser from the decedent, within the contemplation of section 1369 of the Code.

PUGH & BULLOCK, *contra*.—If the contract between the decedent and the contestant, and the partial performance thereof, as disclosed by the evidence, amounted to a valid alienation of the land, the petition was properly dismissed, 1st, because the court had no jurisdiction ; and, 2d, because the statute of limitations was a complete bar.—Code, §§ 1369, 1372 ; Session Acts 1857–8, p. 47 ; 23 Ala. 616.

The payment of the purchase-money, possession under the contract, the erection of valuable improvements, and the continued admission, by word and deed, of the contestant's title, take the case out of the operation of the statute of frauds. The only question, then, is, whether the validity of the contract is affected by the graduation act, under which the entry was made. But, if the contract be void, as being contrary to the provisions or policy of that statute, then the entry also is void, and the petitioner has no title. The contestant has possession, and relies on the maxim, *potior est conditio possidentis;* and the petitioner cannot assail his title, without at the same time destroying her own.

A. J. WALKER, C. J.—All the objections made to the appellant's petition, rest, as their basis, upon the ground that the appellee was a purchaser from the appellant's former husband, of a moiety of the land in which dower is claimed. The purchase is claimed to have resulted from a contract made between the appellant's deceased husband and the appellee, that the former should enter the land, under the act of congress entitled, " an act to graduate and reduce the price of the public lands to actual settlers and cultivators," and that the appellee should furnish the entrance-money; which contract was followed by an entry of the land, in pursuance of it, with money supplied by the appellee, and the subsequent joint occupation and improvement by the deceased and the appellee. This contract, being parol, was within the statute of frauds.—*Henly v. Brown*, 1 St. 144; *Kizer v. Lock*, 9 Ala. 269. From this it results, that the appellee could have acquired by the agreement, the payment of money according to its terms, and the subsequent improvement, a right to go into equity for the specific performance of the parol contract; which right might be denominated an equitable title to the land, if, under the facts, a court of equity would have granted the specific performance. It follows, that the entire question, whether any right to the land ever vested in the ap-

pellee, depends upon the sufficiency of his claim to specific performance in a court of equity.

[1.] The third section of the graduation act of congress, above referred to, requires, as a preliminary to the entry of land under it, an affidavit of the applicant, that he enters the same for his own use, and for the purpose of actual settlement and cultivation, or for the use of an adjoining farm or plantation owned or occupied by him ; and that, together with the entry, he has not acquired, from the United States, under the provisions of the act, more than three hundred and twenty acres, according to the established surveys.—10 U. S. Statutes at Large, 574. The agreement above set forth comes directly within the inhibition contained in the affidavit required, and would be illegal and void, upon the principles settled in *Tennison v. Martin*, (13 Ala. 21,) *Hudson v. Milner*, (12 *ib*. 667,) and *Dial v. Hair*. (18 Ala. 798.)

[2.] Because the contract is illegal and void, a court of equity would not compel a specific performance of it, notwithstanding the party seeking the specific performance might be in possession.—*Dial v. Hair, supra.* It is a maxim, that in *pari delicto potior est conditio possidentis.* But this maxim was never designed to infringe the principle, that the courts will not aid in the enforcement of a contract violative of the law. In this case, the appellee seeks to set up an illegal contract, for the purpose of showing an equality of fault in the making of such contract, in order that he may obtain the benefit of it.

[3.] As there was no contract by which, either in equity or at law, any right vested in the appellee, it cannot be said that there was any alienation by the deceased, or that the appellee was an alienee.

The entire defense, upon which the appellant's petition was resisted, is untenable ; and therefore the decree of the court below is reversed, and the cause remanded.