Forrester v. Forrester.

---

## FORRESTER vs. FORRESTER.

[PROCEEDING BEFORE PROBATE COURT FOR ALLOTMENT OF DOWER.]

1. *Sufficiency of petition, in stating names of heirs-at-law.*—In a petition for dower, an averment that the decedent "left him surviving" certain children and grandchildren, whose names are specified, is not a sufficient compliance with the statutory requisition (Code, § 1361) that the petition "must contain the names of the heirs-at-law"; such an averment does not negative the existence of other heirs, in addition to those whose names are specified.

2. *Parties to proceedings, where land has been sold for division.*—Although the sale of a decedent's real estate, under an order of the probate court, for the purpose of making an equitable division among the heirs, does not affect the widow's right of dower; and although the statute (Code, § 1361) does not require that the name of the purchaser at such sale shall be stated in the petition for dower; yet, it is a safe and proper practice to allege the fact of such sale in the petition, and to give notice of the application to the purchaser.

APPEAL from the Probate Court of Tuskaloosa.

IN the matter of a petition for dower, filed by Mrs. Sarah Forrester, as the widow of William Forrester, deceased, against the administrators and heirs of said decedent. The administrators demurred to the petition, on the ground (*inter alia*) that it did not state who were the heirs-at-law of the decedent; but the court overruled the demurrer, and held the petition sufficient. The administra

tors then filed a special plea, alleging that the lands in which dower was claimed had been sold, under an order of the probate court, for the purpose of making an equitable division among the heirs, and insisting that the purchaser at the sale ought to be made a party to the proceedings; to which plea the court sustained a demurrer. The overruling of the demurrer to the petition, and the sustaining of the demurrer to the plea, are now assigned as error.

E. W. PECK, for the appellants.

R. W. WALKER, J.—In the case of *Martin's Heirs & Adm'rs v. Martin*, (22 Ala. 86,) it was held that a petition for dower must show who were the heirs-at-law of the deceased. This rule has been incorporated into our statute law. Section 1361 of the Code provides, that the petition for dower "must contain", among other things, "the names of the widow and heirs-at-law." The petition in this case fails to state who are the heirs-at-law of the intestate, unless that is done by the averment that "he left him surviving" certain children and grandchildren, whose names are given. We do not think that this allegation satisfies the statute. The form of averment adopted is consistent with the supposition that there are other children and grandchildren than those named in the petition, and who equally with those named are heirs-at-law of the deceased. As this objection is fatal to the petition, we need not inquire whether any of the other grounds of demurrer were well taken. They can all be readily obviated in the probate court by an amendment of the petition. Neither do we think it necessary to examine as to the alleged irregularities in the subsequent proceedings in the probate court. All of these can be avoided in the future conduct of the case.

[2.] It may not be amiss, however, to make a remark as to the matter alleged in the special plea interposed by the administrators. It is true that a sale of real estate, under

an order of the probate court, does not affect the widow's right of dower.—*Owen v. Slatter*, 26 Ala. 547. It is also true, that while the Code provides, that when the land has been aliened in the life of the husband, the petition must contain the name of the alienee, and his residence, if known, (Code, § 1361,) it does not make the same requirement where the land has been sold under an order of the probate court, after the death of the husband. But, where the land has thus been sold after the husband's death, and has passed into the possession of the purchaser, there can be, to say the least, no impropriety in alleging that fact in the petition, and giving notice of the application to the purchaser. Parties will be on the safe side if they pursue this course.

For the error pointed out, the decree is reversed, and the cause remanded.