## SNODGRASS *vs.* CLARK.

[APPLICATION FOR DOWER.]

1. *Dower, allotment of; jurisdiction of probate judge.*—The judge of probate may cause an assignment of dower to be made, when this can be done by *metes and bounds*, without injustice, whether the lands have been aliened by the husband or not.

2. *Same; when probate judge must decline jurisdiction.*—But when the lands have been aliened by the husband, and the wife has not relinquished her dower, then if an assignment can not be made by *metes and bounds, without injustice*, the judge of probate must decline jurisdiction, and the application must be made to the court of chancery.

3. *Improvements on lands; what not sufficient to oust jurisdiction of probate judge.*—Clearing up and putting in cultivation nine or ten acres of land on a tract of 160 acres, and building some houses thereon, is not enough to oust the jurisdiction of the judge of probate, unless it be shown that an assignment of dower, by *metes and bounds*, would be unjust. This court will not presume against the decree of the judge of probate, that such assignment can not be made. There must be clear proof that it would be unjust.

4. *Dower; what act barred, in* 1840.—If the wife joined with the husband in a deed in this State, made in 1840, this bars her dower in the land conveyed by such deed.

5. *Admissions of what absent witnesses would prove; effect of.*—When a party, "for the purpose of a trial," admits that certain absent witnesses, if present, "*would prove the facts stated,*" in an affidavit for a continuance, and which is made a part of the bill of exceptions, the facts so admitted are, to all intents and purposes, the testimony of such witnesses, and for the purposes of the trial, entitled to the same credit as if they had testified in open court. Unless such evidence is impeached or disproved, it must govern the judgment of the court in the same degree as any other testimony. It can not be disregarded without some legal reason.

APPEAL from the Probate Court of Jackson.
Tried before Hon. DAVID TATE.

The facts are sufficiently stated in the opinion.

DAVID P. LEWIS, for appellant.

Neither the transcript nor the docket shows the name of counsel for appellee.

PETERS, J.—All the facts which are necessary to show that Mrs. Clark, who was demandant below, is entitled to dower in the lands in controversy, are stated in her petition to the probate judge. The petition also alleges, that she was the widow of Isaac Clark, and that he died " seized and possessed " of the lands of which dower is claimed. The tract contained one hundred and ninety-six and 70-100 acres. Nothing is said of alienation by the husband during coverture, nor of improvements on the lands since alienation. But it is stated in the petition, that John Snodgrass, the appellant, claimed said lands, as the " alienee " of the husband of the demandant.

Snodgrass was made a party to the proceedings, and objected to the assignment of dower by order of the probate judge; and showed, as grounds of his objection, that the lands in controversy had been sold and conveyed by said Clark, the husband of demandant, to James M. Gullatt, about twenty-eight years before the day of the trial; that Gullatt went into possession of the lands under his purchase, and remained in such possession until he sold the

same lands to contestant, Snodgrass. It was also shown
that Snodgrass had continued in possession since his pur-
chase, and was in possession on the day of the trial, which
occurred on September 25, 1868, and that Mrs. Clark had
joined in the deed to Gullatt.

On the trial, Snodgrass proved that some "nine or ten
acres of said land had been cleared up and put in cultiva-
tion, and some houses had been built thereon, since said
land had been sold" by demandant's husband to said Gul-
latt. Evidence was also offered by Snodgrass, and not ob-
jected to, that Mrs. Clark, the demandant, joined with her
husband, said Isaac Clark, in his deed conveying said lands
to Gullatt; and that improvements on said lands had been
made by Snodgrass, since his purchase, and that such im-
provements had greatly enhanced the value of the lands,
but no price was fixed as the value of the improvements.
It is averred in the bill of 'exceptions, that it contains " all
the evidence." Nothing is said therein of any evidence
offered by the demandant, Mrs. Clark.

After the judge had heard all the evidence, Snodgrass
"objected to an assignment of dower to the plaintiff, by
metes and bounds, in the said lands," and to the judge of
probate "taking jurisdiction thereof." These objections
the judge overruled, and adjudged the demandant to be
entitled to dower in the lands mentioned in her petition,
and ordered the same to be allotted by metes and bounds,
in the manner prescribed by law. To all of which Snodgrass
excepted, and reserved the same in his bill of exceptions.
And he now brings the case here to revise the action of
the judge of probate in the court below.

In this State, "when the dower interest can be assigned
by metes and bounds," any person, entitled to make the
application for the assignment of dower, may petition the
judge of probate of the proper county "to cause the as-
signment to be made;" and such petition "must contain"—

"1. The facts on which the widow's claim to dower rests,
with a description of the land in which dower is claimed,
by its designation at the land office, when that can be done;
if not, by metes and bounds, or such other description
thereof as will identify it.

"2. When the land in which dower is claimed has been aliened in the life of the husband, the name of the alienee and his residence, if known; if he is not in possession of the land, the name of the person in possession.

"3. The names of the widow and heirs-at-law, stating which are minors and married women, and the name of the personal representative of the husband, stating the county in which each reside, if residents in this State, and which of them, if any, are non-residents."—Rev. Code, §§ 1631, 1632; *Forrester v. Forrester*, 38 Ala. 119; *Smith v. Johnson*, 37 Ala. 633.

But "when the land of which dower is demanded has been aliened by the husband, and from improvements made by the alienee, or from any other cause, an assignment of dower by metes and bounds would be unjust, the judge of probate must decline jurisdiction, and application must be made to the court of chancery."—Revised Code, § 1640; *Brooks v. Woods*, 40 Ala. 538. The present controversy demands a construction of the sections of the statute above quoted.

When the dower interest can be assigned by metes and bounds, then the judge of probate has jurisdiction of the proceedings, and may cause the assignment of dower to be made, whether. the lands have been aliened or not, unless by reason of improvements made by the alienee, or from any other cause, such assignment would be unjust. The judge of probate can only assign dower by. metes and bounds. But when there has been an alienation by the husband and improvements by the alienee, and " an assignment by metes and bounds would be unjust," the application must be made to the court of chancery. In this latter case, a new rule of assignment takes the place of an assignment by metes and bounds. Compensation is given to the widow in lieu of a partition and allotment of the land.—Revised Code, § 1642; *Thresher et al. v. Pinkard's Heirs et al.*, 23 Ala. 616. But alienation by the husband, and improvements by the alienee, do not oust the jurisdiction of the judge of probate, unless " an assignment by metes and bounds would be unjust." All these conditions

14

must concur before the judge of probate is compelled to decline jurisdiction. If the assignment by metes and bounds, after improvements by the alienee, can be made in such a manner that it is not "unjust," then it may be made by order of the judge of probate. It is the injustice of an assignment by metes and bounds, coupled with the facts of alienation and improvement by the alienee, which induces a necessity of a resort to chancery.

Dower is an estate for the life of the widow—1st, in all lands of which another was seized in fee during the marriage; 2d, in all lands of which another was seized in fee for the husband's use; 3d, in all lands to which the husband at the time of his death had a perfect equity, having paid all the purchase-money thereof.

And the quantity of this estate is described by the statute, as follows: 1. When the husband dies, leaving no lineal descendants, and his estate is not insolvent, his widow is entitled to be endowed of one-half of his lands; 2. But if his estate is insolvent, then she is entitled to one-third part of his lands; 3. And when there are lineal descendants, then to one-third part thereof, whether the estate of the husband be insolvent or not.—Rev. Code, §§ 1625, 1626.

It does not appear, from these sections of the statute, that mere alienation by the husband and improvements by the alienee necessarily oust the jurisdiction of the judge of probate. To effect this, it must be shown that the assignment by metes and bounds would be unjust. This may or may not follow, from the fact that a small portion of the lands has been cleared and put in cultivation; but this can not be presumed by the court, without the aid of facts to support the presumption. If, however, the facts show that the improvements, made by the alienee, so materially alter the value of the land as to make the widow's portion more valuable than it would have been without the improvements, then the allotment by metes and bounds would give her more than she is entitled to, and this would be unjust; and then the judge of probate should decline the jurisdiction. Then a new rule takes place.—Rev. Code, § 1641. If this were all the objection in this case, we would not feel inclined to reverse the judgment of the court below, because

it does not clearly appear that the improvements so enhance the value of the land as to make the assignment by metes and bounds unjust.

But the judgment must be reversed for another reason. Two of the witnesses of Snodgrass, the contestant below, were absent at the hearing of the cause. They were Gullatt and Jones. This is shown by the affidavit of the contestant, which shows also the testimony of these absent witnesses. This is made a part of the bill of exceptions. The demandant, "for the purpose of a trial," "admitted that the witnesses therein named would, if present, prove the facts therein stated."—Rule 16, Pr. in Cr. Ct., Revised Code, p. 821. In this affidavit it is stated that the contestant "will be able to prove by Gullatt, that he, Gullatt, on the — day of ——, 18—, purchased for valuable con-' sideration from the plaintiff's husband, Isaac Clark, the land in which petitioner claims dower ; that said Isaac Clark conveyed, in pursuance of said purchase, by proper deeds, the said lands to said Gullatt, in which said conveyance the petitioner, Jemina Clark, joined with her said husband." This statement must be taken as the testimony of Gullatt, and it is entitled to the same credit that the evidence of Gullatt would have been entitled to, had he deposed in person, in open court. It is, to all intents and purposes, on the trial, Gullatt's testimony, and unless it is impeached or disproved, it must govern the judgment of the court to the same degree. The judge is not authorized to reject it in making up his decree, if it is not contradicted by other evidence delivered, or admitted, on the trial, or otherwise shown to be untruthful.

But this statement of facts was admitted, not only as the evidence of Gullatt, but also as " facts proved " on the trial. This appears from the language of the bill of exceptions. Its force can not, therefore, be evaded, unless it is in some way impeached or discredited. The bill of exceptions contains " all the evidence." It is not shown that this statement of facts is, any where, questioned or disputed. A thing proved is a thing beyond controversy. It stands as a fact admitted.—1 Greenl. § 1 ; Hamlt. Logic, p. 361, *et seq.* If this statement of facts is to be taken as

true—and there is nothing in the bill of exceptions, or in any part of the proceedings below, which, as evidence, in any wise invalidates its veracity—it. shows that the demandant was barred of her dower in the lands named in her petition, by joining in the deeds made by her husband, when he sold and conveyed the lands named to Gullatt, about twenty-eight years before the trial, in the court below; that is, in the year 1840. This was the effect given by law to her act at that date.—Clay's Dig. p. 174, § 10.

The practice of the court of probate and the court for the assignment of dower very much assimilate to the practice of the court of chancery, in like cases. It is, therefore, to a very great extent, governed by the same rules, both as to procedure and liberality of amendments.—Rev. Code, § 3356; *King v. Collins*, 21 Ala. 363; 3 Bac. Abr.; Bouv. 214; 40 Ala. 538.

The bill of exceptions, when it contains all the evidence, controls the recitals in the judgment.—*Davidson et al. v. Street et al.*, 34 Ala. 125; *Vincent v. Rogers*, 30 Ala. 471. The bill of exceptions shows facts which go to bar the right of dower. The decree assigning dower was contrary to the evidence, and must be reversed. The decree is therefore reversed, and the cause remanded for further proceedings in the court below.