# REPORTS.

## JACKSON, ADM'R, *v.* SMITH.

An assignee of a judgment may sue an attaching officer in the name of the assignor as well as in his own name, for not accounting for the proceeds of property sold on mesne process.

An attaching officer, who sells property upon mesne process and deposits the proceeds in a savings bank, is liable to the attaching creditor as well as to the debtor for interest received thereon.

When an attaching officer, who has sold property attached on mesne process, makes excessive charges for his services and expenses, and files in court a return containing an account thereof, the creditor may maintain case against him for not accounting for the amount of the excessive charges, although there was no adjustment of such excessive charges by the court, under Revised Statutes, ch. 184, sec. 25 (reënacted in General Statutes, ch. 205, sec. 27).

CASE, against a deputy sheriff for not paying to another deputy, upon demand, the proceeds of certain property sold on mesne process. The cause was submitted to a referee, who awarded that the plaintiff should recover of the defendant $348, subject to the decision of the court upon the questions of law arising upon the following facts:

It appeared that the defendant attached, in April, 1866, a quantity of wool, dyestuffs, and goods, manufactured or in process of manufacture, upon sundry writs against Henry A. Tafts, the third of which was in favor of Stephen Fessenden, the plaintiff's intestate. The attaching creditors and the debtor agreed that the defendant might complete the manufacture of the goods, and then sell the same at public auction,—which he did, and sold all the property on May 15, 1866.

Judgment was duly recovered in the first two actions, executions issued, and a sufficient amount of the proceeds in the defendant's hands applied to satisfy them. Subsequently, on March 4, 1867, judgment was recovered in the Fessenden suit, execution issued, and was placed in the hands of J. W. Farmer, another deputy sheriff, who, on March 8, 1867, demanded of the defendant the full amount of money remaining in his hands; and on March 13, 1867, the defendant paid to said Farmer the amount (without interest), deducting his fees and charges of manufacture.

, The defendant filed in court, in the first action, an account of his services and expenses in keeping, manufacturing, and selling the property, but he filed no affidavit in relation to his. extra services and expenses ; and said account was never adjusted by the court. The referee awarded $151 against the defendant "for deductions from his charges for services and expenses."

The defendant deposited the money received from the sale of said property in a savings bank, where it remained until it was taken out to be applied on said executions. It did not appear what amount of interest he received, but the referee charged him with interest while the money remained in the savings bank at the rate of three per cent.

It appeared that said Fessenden, on September 18, 1866, duly assigned all his interest in his action to Samuel W. Simpson ; and said Simpson, on the same day, duly assigned the same to Daniel A. Gleason ; and said Gleason, on August 2, 1869, duly assigned the same to Greenleaf C. Bartlett, the present plaintiff in interest.

This action was commenced on May 13, 1869.

*G. C. Bartlett,* for the plaintiff.

*G. Y. Sawyer & Sawyer, Jr.,* for the defendant.

BELLOWS, C. J.    The first question is, whether this suit can be maintained in the name of the present plaintiff, or whether it should have been brought in the name of the person who was the equitable owner of the judgment at the time of the default of the defendant.

It has been settled in this State that, for a breach of duty by a sheriff in respect to a writ of execution committed to him, a suit may be brought in the name of the real party, although not the party of record. *Page* v. *Thompson,* 43 N. H. 373. That case fully sustains the proposition that the assignee in this case might have sued in his own name,— and we are satisfied that is the law ; but the question remains, whether he alone could sue, or whether a suit might also be sustained in the name of the original plaintiff for the benefit of the assignee.

In *Woodman* v. *Jones,* 8 N. H. 344, it was decided that, for the default of a sheriff in failing to return an execution, the party in whose name it issued could maintain an action, although he was a mere nominal party without any interest in the execution ; and the court went further, and held that the real party could not sue in his own name. This last position was overruled in *Page* v. *Thompson,* it being regarded as extra-judicial ; but the other position, that the nominal party could sue, was left untouched.

To that extent the case of *Woodman* v. *Jones* is fully sustained by *Doe* v. *Jones,* 2 M. & S. 473, which was the case of a suit by the nominal plaintiff in an action for mesne profits, after a recovery in ejectment, to recover the damages and costs for an escape on execution ; and it was held that the suit was well brought, on the ground that if the nominal plaintiff might sue for the mesne profits, he might also

bring that action.  In *Aslin* v. *Parkin*, 2 Burr. 665, it is held that an action for the mesne profits is consequential to the recovery in eject- ment, and may be brou.... ....ne lessor of the plaintiff in his own name, or in the name of th., nominal lessee ; and in either shape it is equally *his* action.  In that case the mesne profits belonged solely to the lessor of the plaintiff in the ejectment, but he was allowed his election to sue in his own name, or in that of the nominal plaintiff ; and this is a strong case in favor of the doctrine of the right to elect in which name to sue.  So is *Goodtitle* v. *Tombs*, 3 Wilson 118.  In *Bryant* v. *Dana*, 3 Gilman (Illinois) 343, it was held that an equitable assignee of a judgment may recover, in the name of the assignor, the amount received by the sheriff on the execution.  So in *Clingman* v. *Barrett*, 6 Humph. (Tenn.) 20, it was held that a transfer of a judg- ment leaves the legal right in the assignor, and a motion for proceed- ings against a sheriff for failure of duty in respect to the execution must be in his name, and the assignee cannot proceed in his own name. So it is held that where a promise is made to one person for the ben- efit of another, either may sue.  *Mason* v. *Hall*, 30 Ala. 599, citing Com. Dig., Action upon the Case upon Assumpsit, B, 15 ; *Arnold* v. *Ly- man*, 17 Mass. 400 ; *Hall* v. *Marston*, *ib*. 575 ; *Barker* v. *Bucklin*, 2 Denio 45, where the conflicting cases are reviewed.  In *Shotwell* v. *Gilkey*, 31 Ala. 724, the same doctrine is held as in *Mason* v. *Hall*, 30 Ala. 599.

The direct authorities are certainly in favor of the position that the assignor in a case like this may sue ; and at the same time it must be regarded as settled that the real owner of the judgment may also sue in his own name, thus involving the doctrine that in such collateral suits the party beneficially interested may, at his election, proceed in his own name, or in that of the nominal party if he do not object.  In either case, however, it would be his suit, and the courts would take care that the defendant was not placed at a disadvantage by such election.

In numerous cases such election is allowed, as in a large class of insurance cases, cases of agency, bailment, dormant partners, and a variety of other cases ; enough, indeed, to test the wisdom of the doc- trine, and to show that no serious mischiefs have attended its applica- tion.  Nor can we perceive any such inconvenience or mischiefs that are likely to arise from the application of this doctrine to cases like the one before us, as to justify the overruling of the decisions that a a suit in a case like this may be brought in the name of the nominal party.

It may be urged that these decisions have gone on the ground that a suit could be maintained only in the name of the nominal party, that is, of the party having the legal interest in the judgment affected by the default of the officer ; and undoubtedly it is generally assumed that the person having the equitable interest only could not sue.

It will be observed, however, that the recognition of these equitable rights in courts of law is of modern origin, and adopted from courts of equity, where the only means of enforcing them could be found.

Until, then, the courts of law had come to furnish remedies for these equitable rights, it was naturally held that the proceedings to enforce a judgment could be in the name only of the party of record, leaving to courts of equity alone the protection of the equitable rights. The adoption of these remedies by courts of law, by allowing the persons beneficially interested to maintain these collateral suits, might well be regarded as cumulative, and as not interfering with the original right to sue in the name of the nominal plaintiff.

No inconvenience is perceived as likely to result from allowing the equitable owner to sue in the name of the person having the legal title, and as matter of principle we see no objection to it. On the contrary, we can conceive of cases where it would be a great convenience to sue in the name of the person having the legal title, and thus avoid difficult and complicated questions as to the assignment. In many instances justice would be greatly promoted by it, and in no case can we conceive that the defendant would be injured, inasmuch as the suit must be regarded as that of the holder of the equitable interest. We therefore do not feel called upon or at liberty to overrule the decisions which hold that the suit in such cases may be brought in the name of the assignor.

The next question is, whether the officer should be charged with interest received by him on the money obtained by him from sales of property on the writs, while the money was deposited in a savings bank. In *Chase* v. *Monroe*, 30 N. H. 427, the officer sold the property attached upon the writs, the creditors, including the plaintiff and the debtor, having assented to it. The sales were on credit, with the assent of the debtor but not of the creditors. The plaintiff, having obtained judgment, claimed that the sheriff should account for the interest received by him on the notes given for the property sold; but the court held that the assent of the creditors to the sale on credit not having been given, it was at the risk of the sheriff, and he was bound to account for the entire sales whether collected or not, but was not bound to account for interest received by him. One of the notes given for part of the property so sold had not been paid, but the court held the sheriff liable to account for it whether it was good or not.

In *Farley* y. *Moore*, 21 N. H. 147, the sheriff had received some interest on part of the price for which he had sold property on execution; and there being a balance left in his hands after satisfying the executions held by him, the debtor, in an action for money had and received, was permitted to recover with that balance the interest received by the officer,—the court holding that he held the proceeds of the sale, after satisfying the claims, in the capacity of trustee; that the money did not belong to the officer but to the debtor; and that the interest belonged to the owner of the principal, and that the officer had no right to it, and should account for it.

Upon the doctrine of this last case of *Farley* v. *Monroe*, the sheriff in the case before us is liable for the interest received by him after deducting a reasonable commission for his care of the money.

The only difference in the two cases is, that in *Farley* v. *Monroe* the debtor was allowed to recover the interest, while in the present case the creditor seeks to recover it ; but we think this does not affect the the principle.

If the officer held the money in trust for the debtor, he also held it in trust for the creditor who had acquired a lien upon it, contingent only upon his obtaining judgment in his suit; and when that was done his right became paramount to that of the debtor. It is true that the debtor may be regarded as the general owner of the money ; but it cannot be disguised that the creditor had an interest in it that might become, and in fact was, paramount to that of the debtor.

To hold, then, that the debtor should alone be regarded as the owner, and he only entitled to the interest, would be an unnecessary refinement, repugnant to equity and the real relation of the creditor to the fund. The question is not a merely technical one, but is to be decided upon the substantial character of the relation of the parties to the money, and that is best sustained by giving to the creditor the same rights to the interest that he has to the principal ; that is, to apply it to the payment of his judgment, so far as it may be needed. It is true that the creditor acquires by the attachment no property in the goods ; but the officer acquires a special property in them, and holds them as trustee for the creditor and debtor.

The officer has no interest in the property at all, except as a mere trustee for others, while the creditor acquires by the attachment a lien or security for his debt.

The earnings of this money can therefore in no sense be said to be the earnings of the officer's money, but are the income of a fund which, in a common sense view of the matter, is pledged for the payment of the creditor's debt.

The interest is fairly an accessory to the fund, and becomes part of it, and should be treated accordingly ; and so we think is the ordinary understanding and usage in New Hampshire. The case of *Chase* v. *Monroe* was where the officer sold on credit without the assent of the creditor, and so the sale was at his own risk of the responsibility of the buyers ; and although a portion of the price remained unpaid, and might never be paid, the officer was charged with the whole, but without interest on the part paid. At the same time, the reasoning of the court must be regarded as unfavorable to the plaintiff's claim, in this case, to charge the sheriff with interest ; still, with the views we entertain, we are not disposed to extend the doctrine of *Chase* v. *Monroe* beyond the case then before the court.

In the present case the price of the property was all paid, and the money properly deposited in the savings bank, and there is no suggestion of any risk on the part of the sheriff for which he needed indemnity. The money was in no sense his, and it seems quite clear that he ought to account for the income to some one, after deducting a reasonable sum for taking care of the money ; and to hold that he should account for it to the debtor only, would lead to the anomaly of

accounting for the principal to the creditor, and after that for the interest, which is the mere incident, to the debtor, when at the same time it was all needed to satisfy the creditor's claim.

That the sheriff is bound to account for interest to the debtor when he had sold property on mesne process, and the defendant had finally prevailed in the suit, was held by PERLEY, C. J., in *York* v. *Sanborn*, 47 N. H. 405; and yet his sale was lawful.

The authorities in this State are to the effect that a sheriff, in a case like this, is chargeable with the interest received in favor of the debtor, at least when a surplus is left in his hands; and we can see no good reason for limiting that liability to the debtor, where the interest is needed to satisfy the creditor's execution. Where the sheriff was the receiptor, he is entitled to recover interest from the demand—*Clement* v. *Little*, 42 N. H. 564; and there can be no doubt that he holds the interest in trust as he does the principal. It is not his.

The officer stands in the light of trustee for the creditor; it is so in substance; and it is elementary that a trustee must account for the income he receives. It matters not that he is also trustee for the debtor: his primary obligation is to the creditor, if he obtains judgment; and it is but reasonable that the interest should go with the principal to which it is accessory. It is urged by the defendant that his charges should have been adjusted in court on his return, which he was required to make by sec. 25, ch. 184 of the Revised Statutes (reënacted in sec. 27, ch. 205, General Statutes). But we see nothing that makes that the only mode of adjusting his account.

We think, therefore, there must be judgment on the report for the $348 damages and costs.